ALGERNON S. OSGOOD ET AL.

v.

CITY OF CHICAGO.

*Municipal Corporations—Damages Resulting from Improvements—Viaduct.*

1.   Where damages are claimed to property not taken for, but injured by, a public work, it is not the effect upon a part or a single piece of property, but on the whole together, that must be considered.

2.   Where there are buildings attached to the realty there can be no recovery as to them, unless the entire property has been depreciated in value by the construction of the public improvement.

3.   There can be no recovery of damages by the land owner where, by reason of the improvement, his property is benefited.

4.   There being no claim in the case presented that the work in question was not done skillfully and diligently, this court holds there can be no recovery for rents lost while the same was being done.

[Opinion filed June 13, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. MATZ & FISHER, for appellants.

Messrs. JOHN S. MILLER and BENJAMIN F. RICHOLSON, for appellee.

GARY, J.  The plaintiffs are the executors of the last will and devisees in trust of the late Joel Ellis, who died October 29, 1886.  Old residents of the city of Chicago remember Archibald Clybourne and Joel. Ellis, as composing the firm of Clybourne & Ellis, butchers, when this now great city was scarcely more than a muddy village.

The property in question is the northwest corner of Jackson and Canal streets; 160 feet south front on Jackson and 140 feet east front on Canal.  The appellants sued the city for damages they allege to that property by the building of the approach to a viaduct over Canal street, leading to Jackson street bridge over the river.  At the corner the grade was raised a little more than eleven feet, and gradually slopes west on Jackson and north on Canal in front of the premises.

This change of grade made the buildings on the premises of no value, and while the work was going on, stopped the rents the appellants had been receiving.

The case was four days on trial; the bill of exceptions, exclusive of instructions, fills 338 pages; the appellants asked thirty-seven instructions, and present here 126 pages of brief.  To go over in detail all that is presented would fill a volume, but the merits of the case really involve but two questions.

First.  If, by reason of the bridge, viaduct and approaches, the property as a whole, land and buildings, has become of greater value than it had before they were constructed, or would not have without them, are the appellants entitled to damages for their buildings on the ground that those damages are special to them, while the benefits resulting

from the bridge, etc., are not specially confined to their property, but are shared by their neighbors?

Second. Are they entitled to damages for rents lost while the work was being done?

As to the first question, when damages are claimed to property not taken for, but injured by, a public work, it is not the effect upon a part or a single piece of property, but on the whole together, that must be considered. W., St. L. & P. Ry. v. McDougal Co., 126 Ill. 111, and cases there cited.

Now here the buildings were annexed to, and part of, the realty. Land and buildings made one whole, and so considered, and applying the principle of that case, " the law is well settled that a recovery can not be had unless the property claimed to be damaged has been depreciated in value by the construction of the public improvement." Springer v. Chicago, 135 Ill. 552, and many cases there cited. " No " is the proper answer to the first question.

As to the second question, the right of the city to construct the work can not be questioned; there is neither allegation nor proof that it was not done skillfully and diligently. The right to construct, being conferred by statute, might have been exercised without responsibility for damage to property not invaded, but for the provision in the constitution of 1870. Rigney v. Chicago, 102 Ill. 64. But to construe that provision as giving compensation for all temporary obstructions, necessary when streets are being repaired, etc., even though thereby access to abutting property is for a time wholly cut off, would be unreasonable; yet, if compensation on that ground is due where the work is of a character that excludes travel from the street for a considerable period, it must also be given where the obstruction is but partial and temporary, for the difference is in degree, not in principle. Hohmann v. City of Chicago, 41 Ill. App. 41. So the same answer applies to the second question.

Complaint is made that the jury were sent to view the premises, although the old condition had wholly disappeared.

All the argument on that point is fully answered by what the Supreme Court have said in the Springer case. From that view and from the evidence, the jury, as reasonable men, must have been convinced that no damage, but considerable profit, did result to the appellants by the work. The judgment is affirmed.

*Judgment affirmed.*