## City of Chicago v. Anna Hogan.

1.  CITIES AND VILLAGES—*Neglect to Build Sidewalks—Responsibility.*—The neglect of the obligation of a city to open streets and build sidewalks is not followed by responsibility for non-performance.

2.  SAME—*What is Undertaken Must be Done Well.*—What a city undertakes to do it must do in a careful and proper manner, but it is discretionary what it shall undertake.

3.  PERSONAL INJURIES—*Where no Responsibility Exists.*—The city authorities having constructed a sidewalk terminating abruptly at a height of nearly four feet from the ground, at a place where a viaduct was in the course of construction, and with no railing to prevent people from walking off at the end and with no attempt to connect it with any further pathway, some person (it is not shown who) placed a plank, one end on the sidewalk and the other upon the ground so that persons might walk up from the ground or down from the sidewalk as occasion might require. The plaintiff stepped from the sidewalk upon the plank to go down to the ground, when it fell and she was injured. *Held* that no recovery could be had.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1895. Reversed. Opinion filed July 5, 1895.

ROY O. WEST, City Attorney, for appellant; GEORGE A. TRUDE and BENJAMIN F. RICHOLSON, of counsel.

WING, BARGE & LEACH, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Ogden avenue is a street of the city of Chicago, extending southwesterly from the intersection with Western avenue, a north and south street.

Near to and southwest of that intersection, several railway tracks cross Ogden avenue, and in the early spring of 1891, the building of a viaduct to carry Ogden avenue over the railway tracks, was commenced. The year before, a wide sidewalk had been built southwesterly from Western avenue for a distance of seventy-five feet, along the south-

City of Chicago v. Hogan.

easterly side of Ogden avenue, and terminating abruptly at the southwestern end, at a height of nearly four feet from the ground, and, as we assume for the purpose of this opinion only, with no railing to prevent people from walking off of the end of the sidewalk, and with no attempt to connect it with any further pathway.

A plank was there, sometimes wholly upon the ground at the end of the sidewalk, and sometimes with one end upon the sidewalk, upon which those who chose could and did, when the plank was up, walk up or down from the ground to the sidewalk, or from the sidewalk to the ground.

Who brought that plank and first put it up, the case does not show, though it does appear that a policeman traveling a beat in that neighborhood, put it up two or more times for his own convenience.

In this condition of things, the appellee, then a sprightly, intelligent, active girl a little past her sixteenth birthday, between five and six o'clock of a clear afternoon, on the fifth day of August, 1891, stepped upon the plank to go down to the ground below, when it fell with her, and for the injuries which it is alleged she sustained from that fall, this suit is brought.

It does not appear that the city had ever undertaken to furnish the public with any means of passing over the ground lying southwest of the end of that sidewalk. As the abstract states the testimony of one of the witnesses for the appellee, " beyond the end of this sidewalk there was cement and bricks and rubble stones for building stone walls."

The neglect of the political obligation of cities to open streets and build sidewalks, is not followed by responsibility for non-performance. City of Freeport v. Isbell, 83 Ill. 440.

What the city undertakes to do, it must do in a careful and proper manner, but it is discretionary with the city what it shall undertake. Goodrich v. City of Chicago, 20 Ill. 445.

It may well be that although this sidewalk was built by the owner of the lots abutting upon it, yet the city permit-

ting it, was under a duty, not to extend, but to exercise care that so much as was built should be reasonably safe; and had injury resulted from absence of a guard or railing at the end, the city might have been responsible. But that is not this case. The appellee did not, unwarned, walk off and fall, but took a substitute for a sidewalk as a path for further progress.

The case shows that the construction of the viaduct was then in progress, and that the approach to it began to rise from the end of the sidewalk. During the interruption of travel necessary in that construction, the duty of the city to furnish a sidewalk was suspended (Osgood v. City of Chicago, 44 Ill. App. 532); and people who chose the direct course without a sidewalk, instead of one more circuitous, took the risk.

Upon this single ground, that no duty incumbent upon the city was neglected, and without reference to the other questions—due care by appellee, excessive damages, imposition as to the extent of injury—the judgment must be reversed without remanding.

As the justification for not remanding, we will enter on the record that no facts shown by this record tend to raise any duty by the city with reference to the means of descent from the sidewalk.