### City of Chicago v. Henry C. Rustin.

1. BILLS OF PARTICULARS—*Limit the Party Filing Them.*—Where a party litigant files a bill of particulars in his suit, he is bound to prove such a case as is stated in it or enough of it to warrant a recovery.

2. MUNICIPAL CORPORATIONS—*Duty in Regard to Sewers.*—It is the duty of a municipal corporation in regard to its sewers to see that the outlet is of ample capacity to carry off all the water likely to be in it; but the rule is not applicable to an extraordinary and excessive rainfall. Such infrequent and extraordinary occurrences can not be foreseen and provided against, and for damages caused by them no one is responsible.

3. SAME—*Not Liable for the Non-Exercise of a Chartered Power.*— A municipal corporation is not liable for the non-exercise of a chartered power. It is only when it assumes to exercise such a power, and exercises it negligently, that it becomes liable.

4. PRACTICE—*Effect of a Failure to Give Notice of an Application for an Extension of Time to File a Bill of Exceptions.*—Failing to give notice of an application for an extension of time in which to file a bill of exceptions does not render the order granting such time invalid.

**Action on an Appeal from a Justice of the Peace.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed December 12, 1901.

CHARLES M. WALKER, Corporation Counsel, and CLARENCE N. GOODWIN, attorneys for appellant.

HENRY C. RUSTON and LOUIS KARCHER, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court rendered on appeal from a justice of the peace. Appellee, plaintiff below, filed a bill of particulars as follows:

" To damage sustained by Henry C. Rustin through neg-

ligence of the city of Chicago in not properly draining Milwaukee avenue in the city of Chicago; in not properly draining the alley in the rear of the said 2128 Milwaukee avenue, in the city of Chicago; in not properly draining the ground surrounding the said No. 2128 Milwaukee avenue, or failing to compel the owners of said ground to properly drain the said ground.

" In allowing the sewer in the street through Milwaukee avenue, at No. 2128 Milwaukee avenue, to back its sewerage into the basement of said No. 2138 Milwaukee avenue; in not properly performing its duties as an incorporated city under the laws of the State of Illinois, to which failure and negligence on the part of said city of Chicago, the said Henry C. Rustin has sustained damages to personal property in the sum of $200."

Appellee was the only witness in his own behalf, and testified that, about March 9, 1896, there was a rain, and the water from the street ran through the curbstone into the basement; the curbstone was defective, and there was a hole down through there, through which the water ran from the street into the basement. The surrounding country there is about three feet below the datum of the street (by "datum" doubtless meaning grade), and the water would seep through the ground and wall, into the basement. It also ran into the basement from the front of the building, and also ran into the back end of the basement. On cross-examination he testified that the water came from the front, the rear and the side, and backed up from the sewer. He also testified that the basement had never been flooded before, and he did not foresee that it might be.

The injury complained of is, that appellee's furniture, which was stored in the basement, was damaged.

Appellee, having filed a bill of particulars, was limited to proof of the matters therein stated. In other words, he was bound to prove such a case as is stated in his bill of particulars, or enough of what is therein stated to warrant a recovery. McDonald v. The People, 126 Ill. 150, 158, *et sequens;* Waidner v. Pauly, 141 Ib. 442.

The bill of particulars alleges negligence of the city in allowing the sewer in the street through Milwaukee ave

nue, at No. 2128 Milwaukee avenue, to back its sewerage into the basement. It is not shown by the evidence that the sewer was not of sufficient size, or that there was any defect in its construction, or any defect whatever in it. The city is not an insurer of the absolute safety of improvements constructed by it. It is sufficient if it exercises reasonable care and skill in their construction. Dillon on Mun. Corp., 4th Ed., Vol. 2, Sec. 987.

In order to charge the city for neglect in the matter of the sewer, it is necessary to appear in what the neglect consisted. *Non constat* that the sewer was not amply sufficient to carry off the water on all ordinary occasions. This would seem to be so, from appellee's testimony that the basement had never been flooded before, and that he did not foresee that it might be.

In City of Peoria v. Adams, 72 Ill. App. 662, one of the complaints was that the city failed to provide a sufficient sewer and catch-basin to carry off the water from the street. The court say, Ib. 670 :

" The rule is that the outlet must be of ample capacity to carry off all the water likely to be in it. But the rule is not applicable to extraordinary and excessive rainfall, which is held to be *res major*. Such infrequent and extraordinary occurrences can not be foreseen and provided against, and for damages caused by them no one is responsible," citing ' authorities.

It would seem probable from appellee's testimony that the basement had never before been flooded, and that he could not foresee that it might be; that the rain referred to in his testimony was "an extraordinary and excessive rain." We are not prepared to hold that, on proof being made that the city had constructed a sewer in a public street, and that by the sole reason of its failure to carry off the water the plaintiff's premises were overflowed and his property damaged, the burden is not on the city to prove that the sewer was, on ordinary occasions, of sufficient capacity to carry off the water, and that the occasion of the injury complained off was extraordinary. Such proof was made by the city in Peoria v. Adams, *supra*. The city hav-

ing constructed the sewer, its capacity and manner of construction are peculiarly within its knowledge. However, the decision of that question is not necessary to the decision of the present case, for the following reasons:

Appellee, in his bill of particulars, charges, as negligence, that the city did not properly drain the alley in the rear of his premises, and did not properly drain the grounds surrounding the premises, and he testified that the water came from the front, the rear and the sides. Conceding that the city had power to construct a sewer in the alley, it does not appear from the evidence that it ever attempted to exercise that power, and a municipal corporation is not liable for the non-exercise of a charter power. It is only when a municipality assumes to exercise a granted power, and exercises it negligently, that it is liable. Freeport v. Isbell, 83 Ill. 440; Goodrich v. City of Chicago, 20 Ib. 445; City of Chicago v. Hogan, 59 Ill. App. 446; 2 Dillon on Mun. Corp., Sec. 1010.

The city had no power, which it had undertaken to exercise, to drain the property adjoining 2128 Milwaukee avenue, otherwise than by a sewer in the street. It is, therefore, not liable for not otherwise draining it. But the damage to appellee's property, of which he complains, was occasioned, as he testifies, not only by the water which flowed in from the front of the premises, but from that which flowed in from the sides—in other words, from the adjoining lots—and from the rear. The city is not liable for the damage occasioned by the water which flowed in from the adjoining lots, and from the alley in the rear of the premises.

City of Paris v. Cracraft, 85 Ill. 294, was case, for causing water to flow upon and injure the plaintiff's premises, by reason of an insufficient sewer. The proof showed that the injury was caused, in part at least, by the owner of the property in the vicinity of the plaintiff's premises filling up a natural drain on his property. Plaintiff recovered in the trial court, but the Supreme Court reversed the judgment, saying, "There is some evidence in the record tending to

show the damages suffered by plaintiff may have been occasioned, in part, by the fact Jones had raised his lot in the immediate vicinity, by filling in dirt;" and it was held that an instruction, which was refused by the trial court, to the effect that if the filling up of the drain in Jones' lot caused the damages there could be no recovery, should have been given. Appellee's counsel moved to strike the bill of exceptions from the record, on the ground that an extension of time to file it was granted, without notice to appellee. Failing to give notice of application for extension of time in which to file the bill of exceptions does not render the order granting such time invalid. Conductors' Benefit Ass'n v. Leonard, 166 Ill. 154.

The motion will be overruled, and the judgment will be reversed and the cause remanded.