## Thomas Colwell et al. v. Sarah E. Brown.

1. CONTRACTS—*Private Oral Statements Merged in Written Contract.*—Where a contract is in writing and there is nothing ambiguous or uncertain in its terms, evidence of prior conversations limiting meaning of the written contract is inadmissible.

2. BILL OF PARTICULARS—*Restrictive of the Right of Recovery Stated in Declaration.*—A bill of particulars is restrictive of the right of recovery stated in a declaration, and it is error to admit proof of a cause of action or damages not therein specified.

Colwell v. Brown.

3. INSTRUCTIONS—*Ignoring Plea of Set-off.*—It is error to instruct the jury to find their verdict for the plaintiff provided they find certain facts stated in the instruction to exist, thus ignoring a plea of set-off under which the jury might have found for the defendant a larger sum than plaintiff was entitled to under the declaration.

Assumpsit, on building contract. Appeal from the Circuit Court of LaSalle County; the Hon. CHARLES BLANCHARD, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

BUTTERS & CARR, attorneys for appellants.

. JAMES J. CONWAY, attorney for appellee.  ·

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The appellants, who were the defendants in the court below, entered into a written contract with appellee to remove an old house, build a kitchen thereto, and to erect a new house, according to certain plans and specifications, for $1,227.  Appellants claim there was extra work and material furnished, amounting to $54.80, after giving credit for $14.70 for an item included in the original contract which they claimed was omitted by agreement.  Appellee paid $1,240 as the work progressed, and then brought this suit to recover damages from the appellants for alleged failure to construct the building according to contract. Appellee, on motion of appellants, filed a bill of particulars of the damages claimed under the declaration.  The appellants demurred to the declaration; the court overruled the demurrer as to each count.  The appellants stood by their demurrer as to one count of the declaration, and pleaded the general issue as to the others and set-off for the extra work and materials furnished.  A trial resulted in the plaintiff recovering a verdict and judgment for $600.  The defendants appeal.

The contract was in writing and specified the character of the material to be furnished and the work to be performed.  There is nothing ambiguous or uncertain in its terms.  It contains no provision or inference that the building is to be similar to any other in interior finish or other

respects. Yet, notwithstanding that fact, the trial court, over the objections of the defendants, permitted the plaintiff to testify that prior to the execution of the contract, in a conversation between the parties the defendants stated to the plaintiff that the interior finish of the house would be just like the one she was then occupying, and further permitted the plaintiff to testify, over defendants' objections, that it was not like it, but was inferior in every respect. This was reversible error. All the preceding conversations were merged in the written contract, and their recital to the jury should have been prohibited by the court. Moreover, if this provision had been incorporated in the contract, it would have been error to permit the proof that there was a compliance in no respect whatever in view of the bill of particulars which alleged a departure from the contract in certain respects only, with reference to the interior finish. A bill of particulars is restrictive of the right of recovery stated in a declaration, and it is error to admit proof of a cause of action or damages not therein specified. Appellee concedes that proof was admitted as to damages for failure to build a partition wall, and for relathing the entire house, and that neither of the items are included in the bill of particulars. Furthermore, the court permitted proof of the cost of rebuilding the entire foundation walls upon the four sides of the building, and including the redigging of trenches already dug, while the bill of particulars only mention damages to the wall of the northeast corner of the building. All of this testimony was objected to by appellants. Its admission was error. The aggregate of these improper elements of damages, as estimated by appellee's witnesses, exceed $200, and must have been allowed by the jury, as there is no other way of explaining even an approximate of the amount of the verdict. Proof of damages, barring the items in the plea of set-off, as to which no bill of particulars was requested or filed, should have been limited to the elements set out in the bill of particulars.

The plaintiff's second given instruction is as follows:

"The court further instructs the jury that although you

Colwell v. Brown.

may believe from the evidence that the plaintiff accepted the work in question and agreed to pay the balance, if any, yet if said work was not performed in a good and workmanlike manner and substantially in accordance with the contract, plans and specifications, either as to workmanship or material, and this fact was unknown to plaintiff, then it is your duty to find in favor of the plaintiff, notwithstanding the fact, if it be a fact, that the said plaintiff may have accepted the work in question."

It entirely ignores the plea and defense of set-off interposed by the defendant. The principal item included in this plea is the value of a porch. While it is contended that the porch was not finished, and should have had more substantial foundations, yet there is no serious question, under the proof, but that it was worth the amount charged for it, in its incompleted condition. There was evidence in the record tending to show that the amount of damages specified in the bill of particulars was less than the amount which the evidence tended to show the defendants were entitled to under their plea of set-off. If the jury had been permitted to consider this defense they might, under the state of the proof, have found a verdict for the defendants. It was the exclusive province of the jury to determine all issues of fact. This instruction, in effect, told the jury either to disregard the defense of set-off, or that if the defendants had failed to comply with their contract, and the plaintiff had sustained damages, that such damages exceeded the defendant's claim under their plea, and that they should therefore return a verdict for the plaintiff. In either case, the court invaded the province of the jury. The instruction should have been refused. Giving it was reversible error.

The verdict was excessive. The plaintiff's recovery should be limited to such an amount, if any, as is necessary to make the workmanship and materials for the items specified in the bill of particulars, equal in quality to that called for by the contract between the parties, less deduction, if any, to which the defendants are entitled under their plea of set-off. The highest estimate of damages under the

proofs is $720, which includes not only the costs of labor and material at their fair cash market value, but ten per cent added for profit and from ten to twenty per cent for alleged superintendent's fees. Eliminating these items of ten, and ten or twenty per cent respectively, which are in excess of necessary expenditures, and those items heretofore considered as not included in the bill of particulars, the evidence, in the most favorable view to the plaintiff, would not justify a verdict for one-half of the amount of the judgment in this case.

While it was not reversible error to refuse to instruct the jury that on the state of the record the plaintiff could not recover for loss of rent, such instruction could not have injured the plaintiff, and would have been a safeguard to the defendant's rights. We think it should have been given.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.