### John Quandt, Appellee, v. Catherine Ernst, Executrix, Appellant.

1. EVIDENCE—*when admission of testimony of incompetent witnesses will not reverse.* The admission of the testimony of an incompetent witness will not reverse if the matter testified to by him has been fully proven by other competent evidence and no harm appears to have resulted.

2. EVIDENCE—*as to what party in interest competent.* A party in interest (the adverse party defending in a representative capacity) is competent as to all matters occurring since the death of the deceased person represented.

3. ARBITRATION—*when award does not bar action.* In order that an arbitration award may be successfully interposed as a bar, it must be sufficiently established, first, that there was a submission, second, what was submitted, and third, what the award was.

4. PRACTICE—*when bill of particulars binding.* A bill of particulars not abandoned restricts and limits the recovery to the aggregate amount and to the specific items enumerated.

Action commenced before justice of the peace. Appeal from the County Court of Marion county; the Hon. JOHN S. STONECIPHER, Judge, presiding. Heard in this court at the February term, 1908. Affirmed upon *remittitur*. Opinion filed September 12, 1908.·

KAGY & VANDERVORT, for appellant.

CHARLES H. HOLT, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the the opinion of the court.

On December 21, 1905, appellee brought suit before a police magistrate of Marion county, Illinois, against Charles Ernst, filing at the same time the following account or bill of particulars:

"Bill of Particulars, dated December 21, 1905.
Charles Ernst to John Quandt, Debtor.
"To cash paid out, costs ........................................ $26.25
"   Boarding hands while threshing in 1905.... 10.00
"   Reasonable time attending suit, etc............. 5.00
"   Threshing at Kleinsmith's & Hauling
     wheat ...................................................... 3.00
"   Taking care of wheat in granary................. 2.00
"   Storage ...................................................... 3.75
                                                                      ———
   Total ............................................................ $50.00

"All the above indebtedness was made while acting as the duly authorized agent of said Charley Ernst and is now due and unpaid.

"JOHN .QUANDT."

This account was duly verified by the affidavit of appellee. The case was subsequently taken by appellee to the County Court of said county.

Before the trial took place in the County Court Charles Ernst died and his wife, Catherine Ernst, as executrix· of his estate, was substituted as defendant. There was a verdict and judgment in the County Court against the executrix for $50, and she has brought the case to this court by appeal for review.

The controversy upon which the case was based arose out of substantially the following state of facts:

In the fall of 1904 one Kleinsmith put in about twenty acres of wheat on the farm of appellee for which he was to pay as rent one-third of the crop. In December of that year Kleinsmith's appears to have moved away and abandoned the crop, having previously given a chattel mortgage on the same to Charles Ernst. Shortly afterwards Ernst foreclosed his mortgage and took possession of the wheat. He afterwards authorized appellee to take care of the crop, cut, thresh and put the same in his granary, which appellee did. There were some 248 bushels of wheat altogether, and as it was damp, appellee had to turn it four or five times in the granary to prevent injury. Afterwards a suit in replevin for the wheat was brought against appellee by V. D. Brown, who claimed the wheat in some way through Mr. Ernst. The transcript of the justice in that trial shows that appellee was present but introduced no evidence in his behalf, that the verdict of the jury was for the plaintiff and the court entered judgment for the costs of the case against the defendant for the amount of $25.30. An execution was issued against appellee for the costs, and later, the same having been returned no property found, a garnishee summons was issued against V. D. Brown, the plaintiff in the suit, upon affidavit being made by John A. Phillips, his attorney in the case, that Brown had property in his possession belonging to appellee. There is nothing to show any hearing upon the question whether Brown was indebted to appellee, but subsequently the justice entered a judgment against Brown for $26.25, "for costs of suit."

It appears to be conceded by the parties that the costs for which the last judgment was entered, were the costs in the replevin suit and are the same costs referred to in the first item of appellee's bill of particulars.

Appellee claimed that in taking possession of and caring for the wheat, he was acting as agent for and under the direction of Ernst. What became of the

one-third part of the wheat due to appellee for rent and whether that portion was included in the wheat replevied, or was set off to appellee, are matters which are not shown by the record. After the replevin suit, appellee made a demand on Brown for harvesting, threshing and caring for the wheat, which Brown refused to satisfy, but afterwards some arrangement was orally entered into between them for submitting their dispute to other persons for settlement, and each party picked a man to act as arbitrator. John A. Phillips, who had acted as attorney for Brown, swore on the trial that in case these two men did not agree, he was to be the third man. The two men selected, however, met later without notifying the parties and determined that Brown should pay Quandt $45. How they arrived at this conclusion and what evidence they had before them upon which to base it, if any, is not shown by the record in this case. The amount of $45 so found to be due to appellee was in fact never paid to him, but Brown testified that he paid $17 of it to Phillips, as agent or attorney for appellee, and the rest of the amount to the justice of the peace. His testimony as to what he paid to the justice of the peace was objected to and the objection sustained by the court. It does not appear that the $17 which Brown claims to have paid Phillips for appellee, was ever paid to appellee or that Phillips, who had apparently throughout been acting as attorney for Brown, had any authority whatever to act either as attorney or agent for appellee. In fact, Phillips himself testified that he did not have any relation to Mr. Quandt after the matter was taken out of the justice's hands.

Appellant claims that the court erred in submitting improper evidence on the part of appellee, in refusing to admit proper evidence on the part of appellant, and in giving instructions for appellee, and insists that under the facts in this case there should be no recovery by appellee.

Appellant defended the suit as executrix and for

that reason claims that appellee, who testified briefly in the case, was not a competent witness. He was first asked to identify a letter purporting to have been received by him from Charles Ernst. Objection was made to his testimony and the court said he would hear it subject to the objection and it does not appear that he afterwards passed upon this objection, but the answer to the question was objected to and the objection sustained. He was then asked two other questions as to how he received the letter, which were substantially the same, to one of which there was no objection and to the other an objection was made.

We think the court below should not have permitted appellee to testify upon that subject but only one improper question was answered, to which objection was made and overruled, while practically the same question was answered without objection. The identity of the letter was also fully proven by other witnesses who were entirely unobjectionable so that no material injury could have resulted to appellant's cause in this matter.

Appellee was also asked whether he had been paid for any part of the services performed by him or for the board of the threshing hands and replied that he had not. Counsel for appellee, however, stated in asking the question that he simply desired to ascertain whether or not appellee had been paid for his services rendered since the death of decedent, and that he understood witness was not competent to testify to transactions occurring prior to the death of the decedent. It was not error to permit appellee to testify as to anything which had occurred since the death of Mr. Ernst, or whether he had been paid for services rendered since that time. Appellee was also permitted to testify over the objection of appellant that he was acting as the agent of Mr. Ernst at the time Mr. Brown made demand for the possession of the wheat. The court erred in admitting this testimony but it related solely to the right of appellee to recover for costs and expenses

attending the trial of the replevin suit and will be considered in that connection. The other objections urged as to the admissions of testimony are immaterial.

Appellant claims that the witness Brown, who had answered that he came into possession and control of the wheat in question, when asked if he had then sold and marketed this wheat, was, when objection was made by counsel for appellee, not permitted to answer the question. We think it was immaterial what Brown did with the wheat after it came into his possession, as the question between the parties in the replevin suit was the right of possession and that the objection was properly sustained to the same.

The instructions given on behalf of appellee with one exception, stated simple propositions and were free from error. The single erroneous instruction referred to the costs in the replevin suit and was not proper under the evidence in this case.

The claim of appellant that the facts in this case do not warrant a recovery is one deserving serious consideration, and is not wholly without merit. If appellee made the same claim against Brown which he afterwards made against Ernst and the matters in controversy between them were settled by arbitration, and appellee received the award made by the arbitrators, from Brown, then he should not be permitted to make the same claim against appellant and receive satisfaction therefor. The evidence concerning the arbitration, however, is so indefinite that it is impossible to determine whether any formal submission was ever made and if so what matters were submitted. Three witnesses testified upon this subject, but the evidence of one of them, Mr. Hinderer, who claimed to have been an arbitrator, was excluded by the court on the ground there was no evidence that the arbitrators had complied with the statute, and while this was excepted to by appellee, no cross-errors are assigned.

Another witness, Phillips, who acted as attorney for Brown, and says he was also selected as the third arbi-

trator in case his services should be needed, testified that he could not swear as a matter of fact as to what was submitted between the parties; that Mr. Brown talked to him about the matter but the other party did not. Brown swore that they agreed to settle their dispute about hauling, cutting and threshing the wheat and that $45 was awarded to appellee, but he fails to show that appellee was paid that sum or any part of it. Appellee was never given the opportunity of appearing before the arbitrators and they made no award in writing, and the fact is the whole proceeding was so irregular and indefinite that in the absence of proof of receipt of the award or ratification of the proceedings by appellee it could not be said that there was any legal arbitration.

The question whether appellee was entitled to recover for cash paid as costs in the replevin suit and for his reasonable time in attending the trial, depended largely upon whether he was at the time the agent of Ernst in that behalf and whether or not he paid said costs. There appears to be no proof whatever that he paid the costs and the proof that he was acting at the time as agent for Ernst, depended largely upon his own testimony which, as we have before seen, was incompetent. We therefore think that appellee should not have been allowed to recover the item of $26.25 claimed to have been paid out for costs and $5 for his reasonable time in attending suit, etc.

It does not appear what became of appellee's one-third interest in the wheat. If that was also involved in the law suit certainly he would not be permitted to charge Ernst for services which he rendered and costs incurred in looking after his own property. But it is claimed by appellee the original bill of particulars was abandoned on the trial and that there was sufficient evidence to sustain a verdict for the amount of $50, even if the two items last above mentioned be excluded. It is sufficient to say that there is nothing in the record which shows that the original bill of particulars was

ever abandoned; and as it was never withdrawn and the verdict was given for the amount claimed by it, we must assume that the case was tried upon the account presented. We are of opinion that appellee should enter a *remittitur* for the two items above mentioned amounting to $31.25. Should he do so within twenty days from the filing of this opinion, the judgment will be affirmed for the sum of $18.75, otherwise the judgment will be reversed and the cause remanded.

*Affirmed upon remittitur.*

*Remittitur* filed and judgment affirmed.