## Harry Bruno, Appellee, v. City of Chicago, Appellant.

### Gen. No. 24,213.

1. MUNICIPAL CORPORATIONS, § 440*—*what is measure of damages for injury to property caused by blasting by city.* In an action against a city to recover damages for injury caused to plaintiff's building by dynamite blasts incident to the construction of a tunnel, the measure of damages was the difference between the value of plaintiff's property before and after the building of the tunnel, resulting from the particular things complained of in plaintiff's bill of particulars.

2. EMINENT DOMAIN, § 260*—*right of owner to sue for damaging of property for public use.* Under our constitution an owner, whose property has been damaged for a public use under legislative authority, may bring just such an action for damages as he could have brought at common law where the work was done without legislative authority.

3. MUNICIPAL CORPORATIONS, § 449*—*when declaration in action against city for injury to property from blasting sets up good cause of action.* A declaration which states that plaintiff's property has been damaged by defendant city in the building of a water tunnel in connection with the water system, sets up a good cause of action without more.

4. MUNICIPAL CORPORATIONS, § 449a*—*what damages recoverable under bill of particulars in action against city for injury to property from blasting.* Under a bill of particulars filed by plaintiff in an action against a city to recover damages for injuries to plaintiff's building caused by dynamite blasts incident to the construction of a tunnel, recovery could be had for only such depreciation in the value of the property as was the result of the particular items set forth in such bill of particulars.

5. MUNICIPAL CORPORATIONS, § 449a*—*what evidence inadmissible under bill of particulars in action against city for injury to property from blasting.* In an action by an owner against a city to recover damages to plaintiff's building caused by dynamite blasts incident to the construction of a tunnel, plaintiff could recover only for such depreciation in value as was the result of the items set forth in his bill of particulars, and as alleged structural or hidden defects were not therein set forth, it was error to admit any evidence as to any structural or hidden defects.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number

6.  MUNICIPAL CORPORATIONS, § 450*—*what evidence competent in action against city for injury to property from blasting.* In an action by an owner against a city to recover damages to plaintiff's building caused by dynamite blasts incident to the construction of a tunnel, where plaintiff in his declaration made out a common-law right of action for damages suffered by his property for a public use, but itemized the cost of repairing defects in his bill of particulars, it was error to exclude testimony of the cost of repairing such defects, as, although the measure of damages was the depreciation in the market value of the property, the testimony was competent to show that the damages complained of were capable of full repair, and the cost of such repairs.

7.  MUNICIPAL CORPORATIONS, § 449*—*what is effect of bill of particulars in action against city for injury to property from blasting.* Although the depreciation of the market value of the property in question, by the construction of a tunnel by a city, was the measure of damages in an action by the owner, plaintiff was limited in his recovery to the cost of making the repairs itemized in his bill of particulars, because if the property could be restored to its condition and market value prior to the damages, that represented the depreciation, and if there was no depreciation there could be no recovery, regardless of the question of the cost of repairs.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and remanded. Opinion filed July 2, 1919.

SAMUEL A. ETTELSON, for appellant; RALPH G. CRANDALL, of counsel.

DANIEL S. WENTWORTH and DAVID B. MALONEY, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

By this action the plaintiff, Bruno, sought to recover damages from the defendant, City of Chicago, on account of injury to his two-flat building which he alleged had been caused by dynamite blasts incident to the construction of a water tunnel near by. The declara-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tion alleged that the defendant ''did proceed with said work in such a careless, negligent and reckless manner and with an utter disregard to the rights of the plaintiff * * * and did so construct said tunnel that the walls of said tunnel or sewer did crack, crumble and fall in, carrying with them a large amount of earth, and did so blast the ground or earthwork around said sewer or tunnel that the same caused the earth in the adjacent vicinity to vibrate and crack which said caving in, crumbling and vibration of the earth or soil in the immediate vicinity of said sewer or tunnel did cause the foundations of the plaintiff's house to sink and crack and did cause the walls of the plaintiff's house to crack and become out of plumb and did cause the floors of the plaintiff's house to settle out of shape, and did otherwise greatly injure and damage the house of the plaintiff.''

On the defendant's motion the plaintiff was later required to file a bill of particulars, which was as follows: ''Damage done by reason of tunnel blast, as follows, to wit: Building: the roof cracking, causing leaks. Cracks in foundation on west side wall. First flat: * * * (Here were specified a number of cracks in the ceilings and walls of the various rooms, —a brick mantel pulled away from the wall and doors, sills, frames, etc., jarred out of shape.) Second flat: * * * (Here followed a list of alleged damages similar to those specified with regard to the first flat.) To the damage of the plaintiff in the sum of $1,000.''

As to the damages which the plaintiff claimed his property had suffered, the testimony was as follows: The plaintiff, his tenants, a Mrs. Peck who had had occasion to visit the tenants occasionally, one Enright, a building contractor, and one Johnson, a general contractor who had done some plastering and decorating for plaintiff in repairing the alleged damages, testified as to the cracks and other damages specified in the bill of particulars. Enright also testified that there

were elements of damage to the building that were not apparent to the eye "which may be brought to the surface at some future time. * * * The walls * * *. No telling to what extent they may have been damaged. From the evidences that I have seen on the inside, which don't permit me to make examination of the walls behind the plaster, I would not now—I couldn't say unless the lath and plaster was removed." He said these defects he was referring to were defects that could not be seen but which he thought might be there; that he did not know of his own knowledge that there were any hidden defects; that the only way to determine that would be to take down the walls. He testified further that the visible defects (those specified in the bill of particulars) could be repaired and restored just as completely as though they had been caused by natural causes.

Johnson testified that after he had repaired the cracks you could "see them very faintly,—you can find where the cracks were. * * * In order to make the building in the shape it ought to be * * * I would have the plaster off and replaster it." Enright testified the entire second flat could be replastered at a cost of $200. One Hanna also testified that the visible damages could be repaired but "there still remains damage to the building that no one can see, that causes the property to lose its reputation, and which affects its market value." On cross-examination he said he did not know that there were any latent defects in the building. Enright also testified, "there has been no land damage that I know of," and the plaintiff himself testified, "there has been no depreciation in the value of the land on account of the construction of the tunnel." This was all the testimony submitted in behalf of the plaintiff as to what his damages were. The plaintiff submitted no testimony as to the cost of repairing the alleged damages to his building. The only statement on that subject by any of his witnesses

was the one by Enright that the second flat could be replastered for $200. This was on cross-examination. Over defendant's objection, the plaintiff, Enright and Hanna testified that there had been a depreciation in the fair market value of the plaintiff's premises as a result of the damages and gave their estimates of that depreciation, based, in part, on so-called hidden defects.

The witnesses for the defendant were one Samuels, assistant city engineer, and one Knight, deputy building commissioner of the City of Chicago, and a man named Reasor, a contractor. Their testimony was to the effect that the visible defects or damages to the building may have been due in part to the explosions, but that they were very largely due to the shrinking of the materials used in the construction of the building; that there were no latent, invisible structural damages to the building; that the structural parts of the building were in perfect condition; that it was possible to repair and restore the walls and ceilings so as to put them back in their original condition (this fact was expressly admitted on the trial by the plaintiff's counsel); and that they in fact had been repaired and restored and that "the present condition of the walls in the two apartments is as perfect as the interior of this court room."

The defendant endeavored to prove, by the testimony of witnesses who had examined plaintiff's building, the cost of repairing it. The trial court sustained objections interposed by the plaintiff to this testimony on the ground that the cost of repairing was not the proper measure of damages and that it had no value as evidence.

In urging that the judgment of the trial court should be reversed, the defendant contends that it was error to hold that the measure of damages, applicable to the case, was the depreciation in the value of the plaintiff's property, and that the court should have held that the

true measure of damages was the cost of repairing the plaintiff's building. The defendant further contends that this must be so because that is the case made out by the plaintiff's pleadings.

Under the authority of *Peck v. Chicago Rys. Co.*, 270 Ill. 34, we are of the opinion that the measure of damages in this case was such difference in the market value of the plaintiff's property, before and after the building of the tunnel, as resulted from the particular things complained of by the plaintiff in his bill of particulars.

Under the common law and prior to the adoption of any constitutional provision on the subject, the owner of private property could sue for damages suffered by his property for a public use, but if a public improvement or other work for a public use were authorized by legislative enactment and the work was done in the manner specified by that authority, and damage resulted to private property, the owner was without remedy. To relieve this situation the constitutional provisions, to the effect that private property cannot be taken or damaged for a public use without just compensation, were adopted. These provisions are a limitation on the legislative authority and make the rights of the property owner, in this respect, just what they were under the common law prior to the adoption of any constitutional provision on the subject and in the absence of any legislative enactment. So that to-day, under our constitution, where one's property is damaged for a public use under legislative authority, he may bring just such an action for damages as he could have brought at common law where the work was done without legislative authority. *Rigney v. City of Chicago*, 102 Ill. 64; *Otis Elevator Co. v. City of Chicago*, 263 Ill. 419; *Barnard v. City of Chicago*, 270 Ill. 27, 33. Therefore, under our present law, a declaration which states that the plaintiff's property has been damaged by the defendant, a municipal cor-

poration, in the building of a water tunnel in connection with its water system, sets up a good cause of action without more. No allegations about the work having been done with legislative authority or in accord with that authority are necessary.

While the plaintiff's pleadings do make charges of negligence, they also contain such allegations as make out a right of action for damages suffered by the plaintiff's property for a public use. But under his bill of particulars the plaintiff could recover for only such depreciation in the value of his property as was the result of the particular items set forth in his bill of particulars, and therefore it was error to admit any evidence as to any alleged structural or hidden defects. *Morton v. McClure*, 22 Ill. 257; *McDonald v. People*, 126 Ill. 150; *George H. Hess Co. v. Dawson*, 149 Ill. 138; *Star Brewery v. Farnsworth*, 172 Ill. 247; *Casey v. Vandeventer*, 76 Ill. App. 628; *O'Leary v. People*, 88 Ill. App. 60; *City of Chicago v. Rustin*, 99 Ill. App. 47; *Colwell v. Brown*, 103 Ill. App. 22; *American Rolling Mill Corporation v. Ohio Iron & Metal Co.*, 120 Ill. App. 614; *Quandt v. Ernst*, 143 Ill. App. 299.

It was also error to exclude the testimony which was offered on the cost of repairing the defects set forth in the plaintiff's bill of particulars. In a case of this kind the plaintiff should be allowed to recover whatever amount the evidence shows will be sufficient to make him whole, and while, in such a case, as in this, the measure of damages is the depreciation in the market value of the plaintiff's property, it is always proper to show by the evidence that the damages complained of are capable of full repair, and also what it will cost to make such repairs, and if the evidence establishes the fact that the damages are capable of full repair so that the plaintiff's property can be restored completely to the condition in which it was before the damages were suffered and to the same market value, then the plaintiff should be limited in his

recovery to the cost of making those repairs, for in such a case that represents the depreciation, brought about in the value of his property, by the damages complained of. Of course, if there has been no depreciation in the value of the property there can be no recovery, regardless of the question of the cost of repairs. *Peck v. Chicago Rys. Co., supra.*

For the reasons stated the judgment of the County Court is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*