Trumbull, J. This action was originally commenced before a justice of the peace upon the following note: “ On or before the twenty-fifth of December next, we or either of ns promise to pay Nathan Crews forty dollars, which may be discharged in good sound corn at twenty cents per bushel, for value received of him, this 18th of April, 1848.” The note was subscribed by the defendants, and had been duly assigned by Crews, the payee, to the plaintiff. In the Circuit Court, the defendants had judgment, the correctness of which depends entirely upon the question, whether "the makers of the note could discharge it by a tender of the corn at their place of residence, or whether they were bound to take it to the residence of the payee. Both parties resided in the county at the time the note was given, as well as whemit fell due, -'It is insisted tin the' part of the defendants that corn is - a ponderous article, and that under the statute, they had-fhe right to discharge the'note by a tender " of the corn at the place where they resided,' at thedime thenOte was given. . : - i,r ■ '■ - See. 12 cli. 73, R. S. declares, that instruments of writing “for1 the payment or delivery of personal property, other than money,” when no place is specified for the payment or delivery of such property, may be discharged by a tender of the property, at the-place of residence of the payee;' at the time the instrument of writing was exéctited: Provided,'howévér, that' if the personal property be too ponderous to b'é’reiaovéd, or the payee had not a known place of residence iñ thé'cóuniy at "the time the contract Was executed;-then 'the property may be'te'hdered, at the place where 'the maker réside'd whétt the contract' was entered-into. : '• 1 " ...... ' . The-note in question is not, however, within the statute. It is not a nóte for -the payment of personal property other''than money, but a note for the payment of-money, with a privilege to thé’makers to discharge it in corn at a certain price; ' : '..... The right to have -the note paid' in-móney ór com, was not left; to the payee, but-'the makers reserved thatpnv'ile'ge' to themselves;. !■ ' '•' - "■ '• •" " " '' Haduorn at the time the note fell due, been worth fifty cents to the bushel,-the payee -could': not have compelled it's delivery', while he- would have-'been compelled to 'take it; if tendered,1 though its value should'fall-'to'ten''cents.' ’ The note was payable at a particular time, and in such case no demand is necessary to 'entitle a party to sue. Thé makers, to have discharged them'selves by the' payment of the money, would have had to seek1 the payee, or assignee ih this' instance, ' at his place of residence; -andthereisúo -reason, Why tliey' should' ” be allowed to "discharge'-themselves by "' a'1 tender of the corn, which was a'privilege inserted'in thé not'e-wholly for their ben-, efit, by atender at a .different' place, from the 'óñé where they. would have been compelled to tender the money", had'the'note remainedintheRands of thé:payée; - -'v ■ • " *' This note- isnot -like the'-oaSe; of-a contract payable in.tradé generally, - without time or place, where it wás held that 'á spe-' dial demand was necessary, and the property deliverable at the residence of the debtor. Woods v Dial—post 72. The general rule. is, that the person to he discharged from liability upon a .contract by the performance of a certain act, is impliedly bound to do the act which is to exonerate him. Chitty on Contracts, 727, It was held in the case of Goodwin v Holbrook, 4 Wend. 377, that the place of payment, of a note payable in salt, was the residence of the creditor, when the-time of payment was fixed by the contract, but the place was not designated. That case is analagous to the present. To have discharged the note, the defendants should have tendered the corn at the time the note fell due, at the place where the payee resided when it was given, and as the record shews that no such tender was made, the verdict of the jury was wrong. Judgment reversed -and cause remanded. ■Judgment reversed.,