JAPHETH T. MORTON, Plaintiff in Error, *v.* ALLEN McCLURE, Defendant in Error.

ERROR TO CARROLL.

Japheth and Japhath are too much alike, to constitute a variance.

A party cannot recover a larger amount, than he claims by his bill of particulars filed with his declaration. He may amend his bill of particulars by leave of the court.

Two unimpeached witnesses, sustaining a plea of set-off, is sufficient to sustain it.

THIS was an action of assumpsit brought by said McClure against said Morton, in said County Court, at March term, 1858.

Declaration contains a count alleging that on 1st February, 1858, defendant was indebted to plaintiff in $300 for use and occupation of rooms, apartments and furniture, by wife and children of defendant, and for meat, drink, attendance, and other necessaries and goods, provided for defendant's wife and children, at his request; and also the common counts for goods bargained and sold, goods sold and delivered, work done and materials furnished, money lent, money paid to use of defendant, money had and received, and money found due on account stated.

There was a plea in abatement—misnomer of defendant—demurrer to which was sustained; also a plea of non-assumpsit and set-off. General replication.

Plaintiff filed a bill of particulars amounting to $115.85.
Defendant " " " " " 64.09.

The jury found for the plaintiff, $124.23. Defendant moved for a new trial.

The court ordered judgment to be entered on the verdict, and thereupon defendant prayed an appeal.

The errors assigned are:

Admitting improper evidence on the part of defendant in error.

Rendering judgment on the verdict—verdict being for more than plaintiff's bill of particulars.

Verdict against evidence—the account of plaintiff in error, though proven, was rejected by the jury.

Refusing a new trial.

The sustaining demurrer to plea in abatement.

WILSON, and LELAND & LELAND, for Plaintiff in Error.

MILLER & HARRINGTON, for Defendant in Error.

WALKER, J. The difference in the orthography of Japheth and Japhath is so slight, as to make no material difference in

the sound, and cannot constitute a variance. To be allowed, the variance must be substantial, and it is not fatal when so slight, as to make no perceptible difference in sound. *Stevens* v. *Stebbins*, 3 Scam. R. 25. The demurrer to the plea in abatement for the misnomer, was therefore properly sustained.

It is assigned as error that the finding of the jury was greater than the amount claimed by the bill of particulars, filed with the declaration. The practice act requires, that such a bill shall be filed, and one of its objects is, that the defendant shall be particularly apprised of what he has to meet on the trial. If the plaintiff were permitted to abandon the account filed, and rely upon an account not exhibited, the object of the enactment would be defeated. When the account has been filed, the party should be confined to the items, and the prices therein charged, unless leave is first granted by the court to amend the bill of particulars, on such terms as may be prescribed. The account filed by defendant in error in this case, was for $115.85, while the verdict was for $124.23, and the record nowhere discloses the fact, that any leave was given to amend, and the party not having obtained such leave, could not recover beyond the amount which he had claimed for his labor and property, furnished to the plaintiff in error. It was error to render judgment on this verdict.

The plaintiff in error, filed a bill of particulars under his plea of set-off, for $64.09, and on the trial called his son as a witness, who testified that he and the wife of plaintiff in error, furnished the items charged in the bill to defendant in error, as a payment on his account, for the board of the wife and family of plaintiff in error. That defendant in error admitted that he had received all but the item of five dollars in money. Another son testified that he was sent for, when he was working for wages, to go to the defendant in error, to work for his board and go to school, which he did, and that this board is charged in the account against his father. That he worked for defendant nights and mornings, to pay for his board, during the time he went to school. These two witnesses, stand uncontradicted or impeached, by anything appearing in the record. And their evidence unimpeached, was amply sufficient to establish the set-off except the item for five dollars, and also to reduce the account sued on, to the extent of the board charged as furnished to the witness. But the account of the plaintiff in error, or any part of it, was not allowed, either under the general issue as a payment, or as a set-off, under the plea of set-off. We think the evidence fails to sustain the finding of the jury.

The judgment is reversed and the cause remanded.

*Judgment reversed.*