# SUPREME COURT.

## SEYMOUR JONES agt. WILLARD PLATT.

*Bill of particulars — when one will be ordered in an action of slander — Code of Civil Procedure, section 531.*

In an action of slander the complaint alleged that on or about the 4th, 5th or 6th days of August, 1880, &c., the defendant, at the town of Western and elsewhere, &c., and at divers and various other times and places, and in the presence and hearing of divers good and worthy citizens, spoke of and concerning this plaintiff, &c. Upon application of the defendant an order was made directing plaintiff to deliver to defendant a bill of particulars specifying the times when and the places where the slanderous words alleged were spoken. A bill was served, which, after specifying a few times and places, stated that said defendant "did, as plaintiff is informed and believes, at other places and dates and times, in the town of Western, in said county of Oneida, during the month of August, 1880, speak of and concerning said plaintiff, the slanderous and defamatory words in the complaint mentioned and set out, but at what particular place or places or dates, said plaintiff is now

absolutely unable to state or set out more particularly and definitely."
Upon application of defendant for a further bill, which should comply
literally with the order of the court, and also give the names of the per-
sons in whose presence the words were spoken:

*Held,* that the plaintiff should be compelled to strike out the above clause
or state the particular times and places, but was not compelled to give
the *names* of the *persons* in whose *presence* the words were spoken.
The decision in *Stiebling* agt. *Lockhaus* (21 *Hun,* 457) not followed.

## Oneida Special Term, January, 1881.

MOTION for a further bill of particulars.

Action for slander. The complaint alleged that on or
about the 4th, 5th or 6th days of August, 1880, &c., the
defendant, at the town of Western and elsewhere, &c., and
at divers and various other times and places, and in the pres-
ence and hearing of divers good and worthy citizens, spoke of
and concerning the plaintiff, &c.

The answer was a general denial.

Application was made by defendant's attorneys, after issue
joined, for a bill of particulars, at the circuit and special term
held at Rome, September 27, 1880; and an order was then
made and entered directing the plaintiff to deliver a bill of
particulars "specifying the times when and the places
where" defendant was alleged to have spoken the slanderous
words set forth in the complaint.

A bill was thereafter served which, after specifying four
times or dates and eight places, stated that said defendant
"did, as plaintiff is informed and believes, at other places
and dates and times, in the town of Western, in said county
of Oneida, during the month of August, 1880, speak of and
concerning said plaintiff the slanderous and defamatory words
in the complaint mentioned and set out; but at what particu-
lar place or places or dates said plaintiff is now absolutely
unable to state or to set out more particularly and definitely."
This motion was then noticed. The defendant asked that a
further bill of particulars be ordered, which should comply
literally with the original order, and which, in addition,

should contain the names of the persons in whose presence the alleged slanderous words were spoken.

*Backus* and *Olney*, for motion.

*Oswald Prentiss Backus*, of counsel, argued that the bill was evasive; that plaintiff had no right to make such a general allegation on suspicion, relying on his ability to fish up testimony before the trial to support it (*Tilton* agt. *Beecher*, 59 *N Y.*, 186); that, under the allegations of the complaint and the bill of particulars, it was impossible for defendant to meet he charge and prepare for trial (*Stiebling* agt. *Lockhaus*, 21 *Hun*, 457; *Quin* agt. *Astor*, 2 *Wendell*, 577); that plaintiff's tatement that he could not give time and place more particularly was false, as the persons who informed him of the slanders could give time and place; that, at all events, plaintiff could give the names of the persons in whose presence the words were spoken, and as defendant denies the slander he should be obliged to do so (*Stiebling* agt. *Lockhaus*, *i.*; *Robinson* agt. *Corner*, 13 *Hun*, 292). To make a bill of particulars as general and indefinite as the complaint itself, r to evade an order for one is a contempt of court, and may subject the guilty party to severe treatment (1 *Taunton*, 35; 1 *Barbour*, 53; 4 *Hill*, 50; 21 *Wendell*, 427; 2 *Wait'sPractice Sup. Ct.*, 350; *Till & Shearman's Pr.*, vol. 2, *p.* 5).

*Joseh I. Sayles*, opposed, argued that to grant the motion would ut off and destroy important evidence in plaintiff's behalf that he could not furnish further particulars, and that the bil was served in good faith, and read affidavits to that efect.

MERIN, *J.* — In order to fairly comply with the order of Septemer 27, 1880, the plaintiff should, I think, either strike ot the last clause of the bill served — the clause com-

mencing, " Said defendant did as plaintiff is informed and believes at other places and dates and times," &c.— or he should state the times and places with more particularity.

An order may be entered requiring a further bill to be served which shall strike out that clause or give the particular times and places. Costs of motion to defendant to abide event.