614    APPELLATE COURTS OF ILLINOIS.

VOL. 120.] Am. Rolling Mill Corporation v. Ohio Iron & Metal Co.

## American Rolling Mill Corporation v. The Ohio Iron & Metal Company and S. A. Newman.

### Gen. No. 11,954.

1. BILL OF PARTICULARS—*when may be demanded.* A bill of particulars may be demanded in all actions where by reason of the generality of the claim or charge the adverse party is unable to know with reasonable certainty what he is required to meet.

2. BILL OF PARTICULARS—*effect of, where furnished.* When a bill of particulars has been required and furnished, its effect is to limit the plaintiff on the trial to proof of the particular cause or causes of action therein mentioned.

3. BILL OF PARTICULARS—*how propriety of furnishing, determined.* Whether or not the plaintiff shall be ruled to furnish a bill of particulars in a particular case, is a matter resting in the sound legal discretion of the court, and the action of the court in making or refusing the rule will not be reviewed in appellate jurisdictions unless it be shown clearly that such discretion was abused.

4. BILL OF PARTICULARS—*appropriately required in action for slander.* Where the allegations of the declaration in an action for slander are not specific- enough fully to apprise the defendant of the cause of action in its statement of the actual words uttered, or to whom or in whose presence, or the place where uttered, the court may, and, upon proper application, should order the filing of a bill of particulars so that the defendant may have a fair chance to prepare for the trial.

Action on the case for slander. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed May 29, 1905.

**Statement by the Court.** Appellant brought an action for slander against appellees. The declaration as amended contained ten counts.

March 16, 1904, an order was entered upon appellant to file within twenty days a bill of particulars of places at which, and names of persons to whom, each of said slanderous remarks were uttered, and names of individuals, firms or corporations which otherwise would have dealt with the appellant but for the use of said slanderous words; the filing of said bill to be without prejudice to appellant's right to amend it so as to set up matters coming to the knowl-

edge of appellant between the date of filing said bill and the trial of said cause, provided the amendment be upon reasonable notice.    To the entry of this order appellant duly objected and excepted.

April 8, 1904, said suit was dismissed at appellant's costs and judgment thereon for failure of appellant to comply with the foregoing order.    This appeal followed.

CHARLES A. BUTLER, for appellant.

RINGER, WILHARTZ & LOUER, for appellees.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The several counts of the declaration charge that the alleged defamatory words were spoken "November 25, 1902, in said county,  *  *  *  in the presence and hearing of another, or divers persons,  *  *  *  and divers persons, who had, previous to the speaking and publishing of said words, been accustomed to deal, and others who would otherwise have dealt with plaintiff in its business, have since then, and wholly on that account, refused to have any dealings with plaintiff," to the damage of plaintiff in the sum of $100,000.

It is plain that to whom and at what place the alleged slanderous words were used are not set forth in the declaration, nor is any attempt made therein to state the name of any individual, firm or corporation that would have dealt with appellant had such words not been spoken.

A bill of particulars may be demanded in all actions where, by reason of the generality of the claim or charge, the adverse party is unable to know with reasonable certainty what he is required to meet.    C. & N. W. Ry. Co. v. C. & E. Ry. Co., 112 Ill. 589, 604; Stiebeling v. Lockhaus, 21 Hun, 457.    When required and furnished its effect is to limit the plaintiff on the trial to proof of the particular cause or causes therein mentioned.    Morton v. McClure, 22 Ill. 257; Waidner v. Pauly, 141 Ill. 442; Hess Co. v. Dawson, 149 Ill. 145.    Whether or not the plaintiff shall be

616    APPELLATE COURTS OF ILLINOIS.

VOL. 120.] Am. Rolling Mill Corporation v. Ohio Iron & Metal Co.

ruled to furnish a bill of particulars in a given case, is a matter resting in the sound legal discretion of the court, and the action of the court in making or refusing the rule will not be reviewed in appellate jurisdictions unless it be shown clearly that such discretion was abused. C. & A. Ry. Co. v. Smith, 10 Ill. App. 359, 362; DuBois v. People, 200 Ill. 164.

Where the allegations of the declaration in an action for slander are not specific enough fully to apprise the defendant of the cause of action in its statement of the actual words uttered, or to whom or in whose presence, or the place where uttered, the court may, and, upon proper application, should order the filing of a bill of particulars, so that the defendant may have a fair chance to prepare for the trial.

.It is almost necessary, of course, in an action of slander, unless the plaintiff alleges the place where, the time when, and the names of the persons to whom the slander was uttered, to order a bill of particulars of the place where, the time when, and the names of the persons to whom the slander was uttered. Townsend on L. & S. (4th ed.), 490.

In Gardinier v. Knox, 27 Hun, 500, the date the words were spoken was given, and it was alleged that they were spoken at the Town of Russell "in the presence of divers good and worthy citizens." Upon motion the court ordered a bill of particulars, saying: "The complaint gives little information, for under it proof need not be confined to the day stated; it might be given as to any place in the Town of Russell and as to any persons shown to be present. If the defendant knew the times and place where the occurrence would be shown, he could obtain proof of his own whereabouts."

In Tilton v. Beecher, 59 N. Y. 176, an action of *crim. con.*, the trial court denied an application for a bill of particulars solely upon the ground that it had no power to grant it. The Court of Appeals decided that the trial court possessed the power, and for that reason reversed and remanded the case. After an extended review of the authorities in

England and in the United States, the court laid down the following rule: "A bill of particulars is appropriate in all descriptions of actions where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put for trial with greater particularity than is required by the rules of pleading." See, also, Com. v. Snelling, 15 Pick. 321; Jones v. Platt, 60 How. Pr. 277; Davies v. Chapman, 6 Ad. & E. 767; Stiebleing v. Lockhaus, 21 Hun, 457; Rex v. Hodgson, 3 Carr & Payne, 422; N. Y. Infant Asylum v. Roosevelt, 35 Hun, 501.

The trial court did not err in ordering appellant to file a bill of particulars in this case. Appellant saw fit to disobey that order. Such disobedience fully justified the action of the court in dismissing the suit.

The judgment of the Circuit Court is affirmed.

*Affirmed.*