## Lepman & Heggie v. Woldert Grocery Company.
### Gen. No. 13,049.

1. BILL OF PARTICULARS—*when not part of record.* A bill of particulars not incorporated in the bill of exceptions is no part of the record.

2. INSTRUCTIONS—*must be applicable to the evidence.* An instruction which states an abstract proposition of law not applicable to the evidence in the case, is erroneous.

Action for damages for breach of contract. Appeal from the County Court of Cook County; the Hon. DWIGHT C. HAVEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed and remanded. Opinion filed April 12, 1907.

FRANK SCHOENFELD, for appellant.

GARTSIDE & HUDSON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment of the County Court in favor of appellee and against appellant, in an action brought by appellee to recover damages for a breach of a contract for the purchase by appellant from appellee of one car of pecans.

The declaration contains six special counts which set out the alleged contract in various forms and the breach thereof in the refusal of appellant to accept a car of pecan nuts. The common counts were also filed.

The trial resulted in a verdict and judgment in favor of appellee for $327.98.

It is contended on behalf of appellant that the trial court erred in entering judgment for $327.98, which amount it is claimed is in excess of the bill of particulars.

Where a bill of particulars has been filed, the general rule is, the recovery must be confined to the amount specified therein. Morton v. McClure, 22 Ill., 257. In this case the bill of particulars was not filed with the declaration, and is no part thereof or of any other pleading in the case. It was not incorporated in the bill of exceptions, and is therefore no part of the record. We cannot, therefore, know whether the recovery exceeds the amount claimed therein or not. Hess Co. v. Dawson *et al.,* 149 Ill., 138, 145.

Appellant urges that the court erred in giving the follow-. ing instruction at the instance of appellee:

"You are instructed that the delivery of personal property by a seller to a common carrier, such as a railroad, in the absence of any agreement to the contrary to be conveyed to the purchaser is a delivery to the purchaser and the title vests in the purchaser immediately upon such delivery to the carrier, if the goods are of the character and quality purchased, and the delivery to the carrier is in accordance with the direction of the purchaser."

The evidence offered by plaintiff shows that the car of pecans to be shipped from Brownwood, Texas, was sold to appellant by sample at 5 5/8 cents per pound, f. o. b. Brownwood, Texas, the nuts to be like the sample. The car was shipped on December 2, 1903, from Brownwood, Texas. The original bill of lading reads as follows:

"Frisco System.
Fort Worth & Rio Grande Railway Company.
Brownwood, 1–12–2, 1903.
Received from Woldert Groc. Co. the packages, contents, unknown marked and numbered as per margin, to be transported over the line of the Fort Worth & Rio Grande Railway Company, etc.

Not negotiable unless shipment be consigned to shipper's order.

This bill of lading is given subject to correction as to rate and weight so as to conform to the rates, rules and regulations prescribed by the Railroad Commission of Texas.

| Marks, Consignee, destination and routing in full. | List of Articles. | Weight. |
|---|---|---|
| O-n Lepman & Heggie,<br>    Chicago. | 281 sacks pecans. | 28798. |

Via I. C. Ry.                                  O. K.
    Car.                                       J. G. McDonald.
Initial.           No.                         (253.42)
S. L. & G.         31727.
On the back is stamped, 'Allow Examination.'
                        (Signed)   Woldert Groc. Co."

Plaintiff drew a draft on defendant for the amount of the shipment and attached the bill of lading.

The car was consigned to the order of plaintiff according to the bill of lading and the testimony of Woldert, with directions to notify defendant.

Upon this state of the evidence it is clear that the above instruction was not applicable to the evidence, and was misleading to the jury. The abstract rule of law announced in the instruction has no application to a case like the one at bar when property is delivered to a common carrier by a seller to deliver it upon the seller's order. A delivery to the carrier under such conditions is not in law a delivery to the purchaser. The evidence shows that the purchaser could not inspect the property even without an order from the seller or its agent, the bank which had the draft with the bill of lading attached for collection. The carrier was not authorized to deliver the property to defendant upon its arrival in Chicago by the terms of its bill of lading. It could notify defendant of the arrival of the car, but it could not deliver the car until the draft was paid and the bill of lading was delivered to defendant. The instruction, therefore, was erroneous in this case.

Instruction numbered nine, given at the instance of plaintiff, is as follows:

"You are instructed that as soon as goods of the kind and quality contracted for are unqualifiedly delivered to the carrier by the seller in the manner and by the method of transportation ordered or approved by the other party, the goods become the property of the latter from that moment, and the risks incident to the transportation are upon the purchaser and not upon the seller."

The giving of this instruction was erroneous for the reasons given above when discussing the other instruction. It is erroneous for the further reason that there is no testimony in the case tending to show that any injury resulted to the property during transportation; and if any such injury or damage did occur, the purchasers were not chargeable there-

with under the facts shown by the evidence.    The instruction as applied to the facts of this case was incorrect and misleading.

The court also erred in refusing to instruct the jury at the request of the defendant that if they believed from the evidence that the pecans in question were delivered to the railroad company by the plaintiff to be shipped to Chicago and were consigned to the plaintiff's own orders, the railroad company was the agent of the plaintiff, and that delivery of the pecans to the railroad company did not constitute a delivery to the defendant.    The instruction stated the law correctly and should have been given.

For the errors indicated the judgment of the County Court is reversed and the cause is remanded.

*Reversed and remanded.*