Celestia G. McKinnie et al.

v.

Maurice T. Lane.

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

1. Assumpsit—*when assumpsit will lie though agreement was to pay in articles of personal property.* Where there is an agreement to pay a certain amount in specified articles of personal property at agreed prices, on a particular day, a failure to deliver the articles on the day fixed converts the transaction into a money obligation, and a recovery may be had on the common counts.

2. Same—*effect where no date for delivery of specified articles is fixed.* If no date for the delivery of specified articles of personal property in payment of a certain amount is fixed in the agreement the law will imply that delivery is to be made upon demand or within a reasonable time, and if the obligor refuses to deliver the property within a reasonable time after demand he is liable in money and the common counts will lie.

3. Pleading—*purpose of a bill of particulars.* The purpose of a bill of particulars is to inform the defendant of the claim he is called upon to defend, and its effect is to limit the plaintiff, on the trial, to proof of the particular cause of action therein mentioned.

4. Same—*when the court should allow bill of particulars to be amended.* If the bill of particulars in a suit in assumpsit for the balance alleged to be due the plaintiff on a sale of pictures states that such balance was to be paid in pictures at agreed prices but the proof shows that it was to be paid in pictures *or cash,* the court should allow the bill of particulars to be amended to conform to the evidence.

5. Appeals and Errors—*party cannot avail of error he has induced.* One whose objection to the proper amendment of a bill of particulars is erroneously sustained by the court, cannot avail, on appeal, of a variance resulting from sustaining the objection.

6. Same—*when party cannot complain of statement in instruction.* A party cannot complain, on appeal, of a statement in one of his opponent's instructions where one of his own instructions contains practically the same statement.

7. Evidence—*party may explain why he gave a receipt in full.* A plaintiff suing for an alleged balance owing by the defendant for the purchase of certain articles may explain why he gave to the defendant a receipt in full.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. Tuthill, Judge, presiding.

This suit was brought in the circuit court of Cook county by Maurice T. Lane against P. L. McKinnie to recover the sum of $1700, which the former claimed to be due him as a balance on the purchase price of certain paintings sold to McKinnie.

The declaration included only the common counts and was accompanied by a bill of particulars as follows:

"To two pictures by Dupres and Mueller....................$3500
    Credit ...............................$1700
    Two pictures by Hammerstadt...................  100
                                  —— 1800

    Balance due ....................................$1700 .

"The balance of this amount was to be given in pictures at agreed prices. These pictures were demanded and refused and are now suing for the cash.
                           Maurice T. Lane,
         By Wheeler, Silber & Isaacs, *Attorneys.*"

On June 11, 1900, appellee sold to P. L. McKinnie two paintings for which he claims he was to receive the sum of $3500, $1700 of which he admits was paid in money and $1800 he claims was to be paid in other pictures or in cash. Two pictures were received by appellee, as he claims, on the balance due, for which he gave McKinnie credit for $100. A demand for the other $1700 worth of pictures was, according to appellee's contention, met with a refusal, whereupon suit was instituted September 11, 1903, by appellee to recover the remaining $1700 in money. The cause was tried by jury in the circuit court and a judgment rendered in favor of appellee for $1700. Appeal was prosecuted to the Appellate Court for the First District, where the judgment was affirmed, and by further appeal the record is brought to this court for review.

230—35

After the trial in the court below, and before the case was passed upon by the Appellate Court, McKinnie died, and his executors were substituted in the case and appear as appellants herein.

McKinnie testified that the purchase price of the paintings was $1700, which he paid. He submitted a receipted bill showing the purchase price of $3500, but he explains that by saying: "Mr. Lane called and got his checks for the total amount and brought me a bill made out at $3500, which bill at $3500 was an absolute and perfect fiction. I told Mr. Lane I did not care to have a bill made out in that manner, but he said to me: 'Doctor, these pictures are worth more than this money; that is to say, you may be able to sell them some time for a larger sum than $1700, and I will take from you a few paintings to sell on commission, and you can let some of them go on this, but this $1800 on here is simply a booster.' I didn't fancy it, but he persuaded me it was all right. I never agreed to give Mr. Lane any other paintings than the two which he received for these paintings. He wanted me to forward them to him at Pittsburg, which I did, and they are the only paintings which I ever offered to Mr. Lane in the world. It was wholly, purely, absolutely, a fictitious and boosted price." He also submitted in his own behalf a check containing the words, "In full to date." This check was dated June 11, 1900, and was cashed by Lane.

Lane testified that the purchase price of the two oil paintings was $3500, to be paid $1700 in money and $1800 in specific pictures at agreed prices, or in cash; that he received $1700 in money on delivery of the two paintings, also two pictures at $100; that when he called for the remaining pictures, representing the other $1700, McKinnie refused to deliver them to him; that he called repeatedly to get them, "three, four or five times at McKinnie's house" and "at least a dozen times at his office," but was never able to get the remaining pictures. Referring to the check which

contained the words "in full to date," he denied that these words were on the check when he received it. He explained the receipted bill by saying: "It was done as I do in thousands of cases dealing with rich people; I merely receipted the bill and called afterwards to get my pictures and could not get them."

CURREY & ALLEN, for appellants.

WHEELER, SILBER & ISAACS, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The affirmance of the judgment by the Appellate Court settles all controverted questions of fact adversely to the contention of appellants.

It is contended by appellants that under the bill of particulars filed in this case recovery could not be had under the common counts. It is well settled law that where there is an agreement to pay a certain sum in specified articles of personal property, at agreed prices, on a particular day, a failure to deliver the articles on the day fixed in the agreement converts the transaction into a money obligation. (*Borah* v. *Curry*, 12 Ill. 66; *Smith* v. *Dunlap*, id. 184; *Bilderback* v. *Burlingame*, 27 id. 338; *Sleuter* v. *Wallbaum*, 45 id. 43.) In the case at bar there was no agreement fixing the date for the delivery of the pictures. In such case the law will presume delivery to be made on demand or at least within a reasonable time. The record shows that after delivering the paintings to McKinnie and receiving the $1700 in money and $100 in pictures appellee waited two years before bringing suit, making during that time repeated demands for the pictures. Appellee did all the law required of him, and when McKinnie refused to deliver the pictures as agreed, he became liable to pay in money to appellee the sum which they had agreed the pictures would have represented had they been delivered. The common counts were

sufficient to support that cause of action. The law is well settled that where a contract has been fully performed and nothing remains to be done but to pay the money, a recovery may be had under the common counts.

Appellants insist that there is a variance between the bill of particulars and the evidence, in that the bill of particulars states that the balance of the amount was to be given in pictures at agreed prices, while the evidence shows that McKinnie was to pay the balance in pictures or in cash. The object of a bill of particulars is to inform the defendant of the claim he is called upon to defend against, and its effect is to limit and restrain the plaintiff, on the trial, to the proof of the particular cause or causes of action therein mentioned. (*Morton* v. *McClure,* 22 Ill. 257; *McDonald* v. *People,* 126 id. 150; *Waidner* v. *Pauly,* 141 id. 442.) At the conclusion of his evidence appellee asked leave to amend his bill of particulars by inserting the words "or cash," in order that the supposed variance might be obviated. Upon objection by appellants he was not permitted to make the amendment. A bill of particulars may be amended, and it was proper for appellee to ask leave to amend and leave so to do should have been granted. (*Morton* v. *McClure, supra; Waidner* v. *Pauly, supra.*) If the bill of particulars had been amended as requested there would have been no ground to claim that a variance existed. The refusal of the court to permit the amendment occurred through the objection of appellants, and they are not now in position to urge the variance, even if the point was raised below. A party cannot complain of an error which he induced the court to make or to which he consented. *Smith* v. *Kimball,* 128 Ill. 583; *Oliver* v. *Oliver,* 179 id. 9; *Conness* v. *Indiana, Illinois and Iowa Railroad Co.* 193 id. 464; *Glos* v. *Murphy,* 225 id. 58.

Appellants complain that it was error to instruct the jury that if they "find, from the evidence, that the defendant was to pay for said pictures $1700 in cash and $1800 either in

cash or other pictures," then the issues should be found for the plaintiff. It is contended that the expression "either in cash or other pictures," contained in the instruction, is error, because the bill of particulars mentions pictures only. This instruction was proper under the evidence.

Instruction No. 2 given on behalf of appellee was as follows:

"The court instructs the jury that the credibility of the witnesses is a question exclusively for the jury, and the law is, that where a number of witnesses testify directly opposite to each other the jury are not bound to find the weight of the evidence as evenly balanced, and the jury have a right to determine, from the appearances of the witnesses on the stand, their manner of testifying, their apparent candor and frankness, their apparent intelligence, and from all other surrounding circumstances attending the trial, which witnesses are the more worthy of credit, and to give credit accordingly."

In this instruction appellants object to the use of the words, "from all other surrounding circumstances attending the trial." Without the use of these words the instruction states the law. Appellants' instruction No. 6 contains these words: "The jury have a right to take into consideration all the facts and circumstances connected with the case." Appellants' instruction contained words of the same import and meaning as the instruction objected to. A party cannot complain of an instruction given on behalf of his adversary like one given at his own request. *Springer* v. *City of Chicago,* 135 Ill. 552; *Consolidated Coal Co.* v. *Haenni,* 146 id. 614; *Funk* v. *Babbitt,* 156 id. 408.

Appellants assign error on alleged improper remarks by appellee's counsel in his address to the jury. We have read the remarks insisted on by appellants as error and see nothing in them to condemn. Appellee had testified that it was his custom in dealing with wealthy patrons, when taking pictures in part payment for sales, to give a receipt in full

and later to call for the pictures. It was certainly proper for him to explain to the jury the reasons why he gave a receipt in full to Dr. McKinnie, and comments made by counsel in his argument were in line with the evidence and tended in no way to prejudice appellants' interests.

There is no error in the record, and the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*