# John Willison, Appellee, v. The Dering Coal Company, Appellant.

1. MASTER AND SERVANT—*when doctrine of assumed risk does not apply.* The doctrine of assumed risk will not defeat a recovery by a servant where he was injured while in the performance of work which he was directed to do by the foreman of the master, such work not being a part of such servant's general work and employemnt.

2. INSTRUCTIONS—*when cannot be complained of.* A party cannot complain of the giving of an instruction containing an alleged vice common to an instruction given at his own instance.

3. INSTRUCTIONS—*must not be argumentative.* An instruction is properly refused which is argumentative in form.

4. INSTRUCTIONS—*when refusal of correct will not reverse.* It is not error to refuse a correct instruction if its contents is substantially contained in another instruction given.

5. INSTRUCTIONS—*when failure to give as to fellow-servant rule, not error.* It is not error for the court to fail to instruct the jury upon the doctrine of fellow-servants where no instruction containing a correct statement of the law as to what constitutes fellow-servants was asked or tendered.

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed June 3, 1910.

O. M. JONES and CHARLES TROUP, for appellant; MASTIN & SHERLOCK, of counsel.

KEESLAR & GUNN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant to recover for damages sustained by reason of injury to his hand while in the employ of appellant. Judgment was recovered below for $500; to reverse this judgment, appellant prosecutes this appeal.

Appellee was employed by appellant as a carpenter, working around and about the repair work of the mine owned by appellant. Appellant, at its mine, had a blacksmith shop with mechanical appliances for drilling iron, known as a press drill, operated by steam power. At the time of his injury appellee was working in connection with one Hinton. Hinton had charge of the blacksmith and repair shop. Hinton was doing some work which required an assistant. He called appellee to assist him in this work, which consisted of making a large clevis for use in the construction of a building. It became necessary to drill holes in the iron in the making of this clevis. A mechanical device, known as a press drill, was used for this purpose and appellee was directed by Hinton to hold the iron, through which the holes were to be drilled; while the holes were being drilled the iron was twisted or wrenched from appellee's control, caught his right hand and tore his right thumb from the hand.

Appellee charges in his declaration, which consisted of but one count, that this was no part of the work for which appellee was employed, that he was directed to do this work by Hinton and was working under his direction and control at the time, that Hinton was not a fellow servant of appellee and that appellee was not acquainted with this work, never been engaged in it, that it was work that was dangerous, liable to cause injury to the person not acquainted with its dangers, and that appellant failed to inform appellee of the

dangers connected with the work he was then required to perform, and that it was not one of the risks assumed by appellee in his employment.

The grounds urged by appellant for reversal of this judgment are: First, that whatever dangers were connected with the work performed were open and visible and could have been seen by appellee as well as any other person; second, it was part of the assumed risk of appellee in his employment; third, the admission of improper evidence on the part of appellee, and fourth, the giving of erroneous instructions.

The evidence in this case discloses that Hinton was the person in charge of the construction work around the Dering coal mine. He had charge of the blacksmith shop and the construction work on the building and repair of buildings in and about the coal mine. He was directed to call upon appellee if he needed any assistance or help. Hinton called Willison to his assistance for the purpose of aiding him in doing this work. They were making a clevis and were attempting to bore two holes through the piece of iron about ten inches long. The making of the clevis necessitated drilling of these two holes; the drill used was a large steam drill with a plate or base in which there were holes or grooves, by means of which the metal, through which the holes were being drilled, might be held fast. Appellee was not informed of the use of these and the piece of metal was not made fast by Hinton, but appellee was directed by Hinton to hold the metal while he operated the drill. It was the first time that appellee was ever called upon to assist in operating this drill and he was not instructed in regard to its use or any dangers connected with its operation. He was employed generally about the mine above the ground; was a carpenter by trade and in attempting to hold this metal through which they were endeavoring to drill these holes, the drill caught in the iron some way and the piece of iron turned in such a manner that it caught appellee's hand and his thumb was torn off.

The question as to whether or not it was negligence on the

part of appellant to put appellee at this work without informing him of the nature thereof or the dangers connected therewith was one for the jury's determination, as was also the question as to whether or not the risk in this employment was one of the assumed risks of appellee's employment, as was also the question as to whether appellee could by inspection readily see and know the dangers connected with this employment. The jury by their verdict have found against appellant on these propositions.

The danger here is not one which would be readily seen by a person not familiar with the operation of this drill. It did not arise alone from the boring of the holes but was caused by the pressure on the drill being too great, thereby causing the iron drill to become bound or fastened in the metal in such a way as to turn the metal, and it was in the turning of this metal, by reason thereof, that appellee's hand was injured. This pressure was controlled by Hinton, and it was an accident which was not liable to occur by the proper use of the drill but was produced by too much pressure being placed upon it and appellee should have been informed to look out for the danger of this kind. United States Rolling Stock Co. v. Wilder, 116 Ill. 101; Shickle v. Harrison Iron Co., 212 Ill. 271.

The question of the improper evidence, which it is urged was admitted by the trial court over objection of appellant, was, that the court permitted appellee to testify that Hinton, after the injury, told one Ira Paxton to take appellee home and stay there and get appellee a doctor. We are unable to see how the answering of this question could, in any way, have prejudiced appellant, even if it was not part of the *res gestæ* of the accident, it was proper to permit them to show that appellee was taken to his home and properly cared for by appellant as a circumstance showing whether Hinton had control over appellee and whether he was or was not merely a fellow servant. This in no way would create any liability or create any prejudice against appellant. It was not error to permit the answering of this question.

Upon the question of assumed risk, the work appellee was

directed to perform by Hinton was not a part of the employment and general work of appellee. He was employed and engaged in the general work of assisting in construction and repair of buildings. This work called him to the blacksmith shop for the purpose of assisting in preparing a device to be used in the construction of the building and the question of whether it was an assumed risk was for the jury to determine and the jury was justified in finding that it was not a risk assumed by appellee.

The first instruction is, that given for the plaintiff, as follows:

"I. The court instructs the jury that if you believe, from the preponderance of the evidence, that the plaintiff has proven his case, as alleged in the declaration and the amendment thereof, and if you further believe that the risks and dangers incident to running such machine were not assumed by the plaintiff, and you further believe that the plaintiff did not contribute to his own injury by negligence on his own part, then and in that state of proof, if such a state of the proof exists herein, your verdict should be for the plaintiff."

It is insisted that the declaration contains no averment that Hinton was a boss or foreman over appellee, and that under the rule that where the instruction directs a recovery upon proof of the averments in the plaintiff's declaration, that the declaration must then contain all averments necessary to permit a recovery. While the rule of law is as contended by appellant it is not in position on this record to raise this question, for the reason that it submitted to the court and the court gave at its request the following instruction:

"The court instructs the jury that the plaintiff has alleged in his declaration that the defendant, though its foreman, who had charge of the drill in question, negligently and carelessly ordered and directed the plaintiff to assist in boring holes in an iron plate, with said drill, without first warning the plaintiff of the dangers incident to such work, and that, while obeying such order and having no knowledge or notice of the dangers attending the operation of the drill, said drill caught his hand and injured it.

"You are further instructed that the plaintiff is bound to prove each and all of these allegations by a preponderance of the evidence, and, unless he does prove each of these allegations by a preponderance of the evidence, then you should find for the defendant."

On this instruction so given at appellant's request the jury is told that the declaration contains the averments which it now seeks this court to hold are not alleged therein. The rule is well established that a party cannot complain of an instruction given when it has requested and had given one of like character. McKinnie v. Lane, 230 Ill. 544; C. & A. R. R. Co. v. Harrington, 192 Ill. 9. Even though the declaration in this cause did not contain the positive averment that Hinton was a foreman and had control over appellee with power and authority to direct his work and compel obedience to his orders, such fact is proven by the evidence in the case and appellant in its instruction having treated the declaration as containing this averment it cannot raise this question after a verdict.

The second instruction criticized by appellant and complained of in its argument is as follows:

"2. The court instructs the jury that if you believe, from the preponderance of the evidence, that at the time the injury in question occurred to the plaintiff, the plaintiff was in the employ of the defendant as a carpenter, and while so employed he received an injury which was occasioned by working on or about a machine or appliance used for drilling holes in iron, and that the plaintiff was unskilled in the use thereof, and had no knowledge with reference to the dangers thereof, and that while working on said machine he was under the supervision of another servant of the defendant who was superior in authority to the plaintiff, who then and there had knowledge of the dangers incident to running said machine, and if you further believe that such servant was not a fellow-servant of the plaintiff, and did not warn the plaintiff of the danger incident to working upon said machine, and that the plaintiff was injured while working upon said machine on account of not being warned as to the dangers incident to operating the same, and if you further believe that the defendant himself was in the exercise of ordinary care

for his own safety, and did not assume the risks of dangers incident to operating said machine, that then and in that state of the proof, if such a state of proof exists herein, your verdict should be for the plaintiff."

This instruction correctly stated the law and covered the questions raised in this case and was properly given to the jury.

Appellant complains of the refusal to give instruction which was tendered by it designated as No. 10. This instruction is merely an argument to the jury upon the question which would have been proper for counsel to make but highly improper for the court to give the jury and it was properly refused.

The next instruction complained of as having been refused on behalf of appellant is that designated as No. 13. All the elements contained in this instruction were embodied in instruction No. 9 given on request of appellant.

Appellant complains that no instruction was given the jury defining fellow servants. No instruction containing a correct statement of the law as to what constitutes fellow servants was asked or tendered by appellant and the court was not required to give one of its own motion. Appellant requested instruction No. 12, which was refused; it contained only one of the elements constituting the relation of fellow servants and was properly refused by the court.

The jury in this case were fully warranted in returning the verdict which they did and there being no reversible error in the record, the judgment is affirmed.

*Affirmed.*