## Otto Gresham, Administrator, Appellant, v. Theodore P. Shonts et al., Appellees.

## Gen. No. 16,251.

1. MUNICIPAL COURT—*when bill of particulars sufficient.* A bill of particulars is sufficient if it enables the adverse party to know with reasonable certainty what he is required to meet.

2. BILLS OF PARTICULARS—*power of court with respect to.* Whether or not a plaintiff shall be ruled to furnish a bill of particulars in a given case is a matter resting in the sound legal discretion of the court and the action of the court in making or refusing the rule will not be reviewed, unless it be shown clearly that such discretion was abused.

Assumpsit. Appeal from the Municipal Court of Chicago; the HON. JOHN H. HUME, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded with directions. Opinion filed May 20, 1912.

WARREN B. WILSON and R. WILSON MOORE, for appellant.

GLENNON CARY, WALKER & HOWE, E. H. STEARNS and WINSTON, PAYNE, STRAWN & SHAW, for appellees; ROBERT J. CARY, SILAS H. STRAWN and WALTER H. JACOBS, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This appeal is from a judgment of the Municipal Court of Chicago on October 5, 1909, dismissing at plaintiff's costs a suit brought in that Court by the plaintiff, Otto Gresham, as administrator of John S. Cooper, deceased, against various defendants. Two of the named defendants only were served with process— Joy Morton and William C. Brown—and they are the appellees herein. The suit was dismissed on their motion for the failure of the plaintiff to comply with an order of the Court in the cause made September 27, 1909, that he file ''an amended and more specific bill of particulars'' within one week.

The history of the case leading up to this action of the trial Court was this: The suit was brought in the Municipal Court of Chicago as a contract case of the first class. On May 7, 1909, Joy Morton was served therein, and on June 9, 1909, William C. Brown. On May 6, 1909, a declaration in assumpsit was filed. It consisted of three special counts, setting up with some detail a claim that the defendants had promised to pay John S. Cooper in his lifetime what certain services rendered to them by said Cooper as a promoter and lawyer were reasonably worth. The said services were in the first count alleged to have been rendered ''in the

purchase and acquisition of the capital stock of the Indiana, Illinois and Iowa Railroad Company and in procuring $3,000,000 with which to pay for and purchase said capital stock and in improving the said railroad property represented by said capital stock, and in placing the same in condition so that the same could be sold to an advantage and at a great profit to the said defendant.'' In the other counts the statements are more elaborated and detailed.

There was also filed with said declaration a ''Bill of Particulars'' purporting to set up ''the facts in connection with'' the said claim.

May 24, 1909, Joy Morton pleaded to this declaration the general issue, the statute of limitations and a denial of joint liability with the other defendants. Various motions and orders were made in the cause concerning interrogatories propounded by the plaintiff to said Morton, and on June 14, 1909, William C. Brown filed his appearance in the cause and demanded a trial by jury. June 16th an order was entered by the Court on the plaintiff to file a more specific bill of particulars in twenty days. The same order extended the time for Brown to plead. On June 21, 1909, in answer to this rule the plaintiff filed another bill of particulars, entitling the same ''Specific Bill of Particulars.'' July 1, 1909, this bill of particulars was, on the motion of the defendants, stricken from the files, and the plaintiff ordered to file a more specific bill of particulars within thirty days. At the same time Brown was given further time to plead.

July 7th the plaintiff filed another bill of particulars. On July 14th this bill of particulars was on motion of the defendant, W. C. Brown, stricken from the files and the plaintiff allowed sixty days to file an amended bill of particulars.

September 11, 1909, the plaintiff was given ten days to file a more specific bill of particulars and the time for Brown to plead further extended. On September

16, 1909, the plaintiff filed another document entitled "bill of particulars," reciting that he so filed it "as a further and more specific bill of particulars of his claim in compliance with the order of the Court."

On September 27, 1909, on motion of the defendant the said last amended bill of particulars was stricken from the files and the plaintiff allowed a week to file an amended bill of particulars. Brown at the same time was given further time to plead.

October 5, 1909, the judgment first above recited, to reverse which this writ of error was sued out, was entered.

We think it inexpedient as well as unnecessary to discuss at all the various bills of particulars filed by the plaintiff.

The merits of this controversy, either so far as the law or the facts are concerned, are not involved in this writ of error, and we do not wish by the slightest implication to render possible any inference to be even plausibly drawn concerning them from anything we may say in our opinion.

It is sufficient therefore to state we have carefully considered the various documents filed as bills of particulars by the plaintiff, and in connection with the declaration we deem each of them sufficient separately to do that which is the purpose of a bill of particulars —a purpose which in American Rolling Corporation vs. Ohio Iron & Metal Co.. 120 Ill. App. 614. we stated to be to enable the adverse party to know with reasonable certainty what he is required to meet.

It is true, as we also in that case held, that whether or not a plaintiff shall be ruled to furnish a bill of particulars in a given case, is a matter resting in the sound legal discretion of the court, and that the action of the court in making or refusing the rule will not be reviewed in appellate jurisdictions unless it be shown clearly that such discretion was abused.

But in this case we think that discretion was in the

legal sense abused. It was unwarrantably extended. The bills of particulars filed did show defendants with reasonable certainty what they were required to meet and are sufficient to prevent surprise. The plaintiff is entitled to his day in court. To deny it might lead to a failure of justice.

The assignments of error attack the order of October 5, 1909, dismissing the case with costs, and the orders of July 1st, July 14th and September 27th, 1909, respectively, striking from the files certain bills of particulars theretofore filed.

There are also assignments of error complaining of the refusal of the Court to require the defendants, Morton and Brown, to answer interrogatories propounded by the plaintiff. These denials we do not feel called on to review, however.

But the judgment of October 5, 1909, dismissing the case and adjudging costs to the appellees is reversed, and the cause is remanded to the Municipal Court with directions to vacate said orders of July 1st, July 14th and September 27th, 1909, so far only as they strike from the files bills of particulars theretofore filed, and to proceed with the cause in due course.

*Reversed and remanded with directions.*