## Carrie Somers, Defendant in Error, v. John G. Petteys, Administrator, Plaintiff in Error.

### Gen. No. 5,553.

1. ADMINISTRATION OF ESTATES—*claims.* A verdict of $1,000 for services rendered in taking care of intestate for a period of about six years is warranted by the evidence which shows that deceased was afflicted with bowel and kidney trouble which resulted in frequent involuntary passages, that he had an injured leg which required daily dressing and that he had promised and told others that he would will claimant his property valued at about $1,000, as compensation for taking care of him.

2. DIRECTING VERDICT—*when motion waived.* A motion to direct a verdict is waived by the subsequent introduction of evidence.

3. DIRECTING VERDICT—*when improper.* It is not error to refuse to direct a verdict for defendant where a certain amount is admitted to be due.

4. INSTRUCTIONS—*reference to statute of limitations.* A party cannot complain of an instruction given in behalf of his adversary, because it ignores the statute of limitations, where instructions offered by him, also make no reference thereto.

5. INSTRUCTIONS—*when no complaint can be made of.* A party cannot complain of an instruction given for his adversary which is like one given at his own request.

6. STATUTE OF LIMITATIONS—*cannot be raised for first time in appellate court.* A question as to the statute of limitations cannot be raised for the first time in the appellate court.

Error to the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed June 27, 1912.

J. W. RAUSCH, for plaintiff in error.

SMITH, SMITH & SMITH, for defendant in error; CORNELIUS REARDON, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is a writ of error to review a judgment of the Circuit Court of Grundy county in favor of Carrie

Somers against the estate of August Herburger, deceased.

August Herburger died October 1, 1908. On November 2, following, Mrs. Somers filed a claim against his estate in the County Court of said county to recover for services rendered during his lifetime. On a trial she amended the claim by adding an item for nursing the deceased from October 1, 1903, to the date of his death at $10 per week, and obtained a judgment for $50, from which she prosecuted an appeal to the Circuit Court of said county. On a trial there, at the close of claimant's evidence, the court refused a motion to direct a verdict for the estate. At the conclusion of all the evidence the jury returned a verdict for $1,000.00 for claimant, upon which judgment was entered.

The proof shows that the deceased, a single man, about 60 years of age, owned a house and two lots in Morris; that he rented the property to claimant or her husband at a certain monthly rental and boarded with them at a stipulated price per week; that in the fore part of 1902 he received injuries to his leg, and on July 9, 1902, was removed to a hospital where he remained until November 9, 1902; that while there he was treated for the injuries to his leg, for an abcess on the elbow and for rheumatism; that after he returned to the home of claimant he was confined to his bed for a time, walked on crutches for several weeks, and thereafter always limped and used a cane; that he had bowel and kidney trouble which were aggravated by his excessive use of intoxicating liquors, and that he was subject to frequent involuntary passages from the bowels and kidneys; that the condition of his leg required bandaging and daily dressing and that he required the care of a nurse at times; that to care for him, his bed and clothing were very offensive and unpleasant; that claimant alone bandaged and dressed his leg, cared for him, his bed and clothing, from the time of his return from the hospital until the day of his death; that the services of a practical nurse were

reasonably worth $10 per week and that the property was worth $1,000 to $1,500; that the rent and board were settled up to a week before his death. For claimant John Schroeder testified that about four weeks before his death, deceased told him that he would not have money enough to pay claimant for her services, but that he would give her the house and lot. J. D. Owens testified that the deceased said that claimant was taking good care of him, and "She will get it all." William Guyerstanger testified that the deceased told him "I will never forget what Mrs. Somers has done for me. I will give her my property." Wm. Magurn testified that deceased said that Carrie Somers was taking care of him; that he was going to pay her for it; that he was going to leave the place to Mrs. Somers for taking care of him. Fred Rath testified that deceased told him he was going to will the property to claimant when he died; that deceased said concerning Mrs. Somers' care of him "If she takes care of me as long as I live I will will her the property." John J. Rice testified that in a conversation with deceased a short time before his death, in which claimant and others were present, that deceased said that he would give her the property. The proof shows that the reasonable value of her services exceeded the value of the property, and we think, from all the evidence that it was understood between the parties that the deceased was to give her the property in payment for her services. He died suddenly in the night and it is a fair inference from the evidence that he would have willed her the property had he known that he was about to die so soon. It is conceded that the estate was indebted to her in the sum of $50 for board and funeral expenses. We think this admission and the fair inference to be drawn from all the evidence warranted the jury in finding the estate indebted to her in the amount of their verdict.

It is contended that, when deceased paid Mrs. Somers $4 or $5 then due her for his board, over and above

what she then owed him for rent of the house, this was a settlement of all he then owed her, and that all she can now recover is for his board for the few more days in which he lived and for the holding of the funeral at her house. It is evident from all the testimony that neither party considered that payment for board was intended to compensate her for her services as his nurse.

There was no error in the refusal of the motion to direct a verdict, as the subsequent introduction of evidence by the estate was a waiver of the motion. Again, the admission that the estate owed claimant $50 for board and funeral expenses compelled its refusal.

A careful reading of the record discloses that no harmful error was committed by the trial court in ruling on the admission and exclusion of evidence.

Herburger died about five years and eleven months after he returned from the hospital. For that reason it is contended that the court erred in giving instructions for the claimant that ignored the statute of limitations, on the ground that the statute was a defense to a part of the claim. Instructions given for the estate also omitted all reference to the statute of limitations. A party cannot complain of an instruction given on behalf of his adversary like one given at his own request. Springer v. City of Chicago, 135 Ill. 552; Consolidated Coal Co. v. Haenni, 146 Ill. 614; Funk v. Babbitt, 156 Ill. 408; McKinnie v. Lane, 230 Ill. 544. But more than that, it is plain from the evidence that deceased had promised claimant less than five years before his death that she should have the property, in payment for her care of him. Under this state of the proof, the statute would not be a defense to her claim. Moreover, as the statute was not raised in the court below by specific objection or motion to strike the evidence from the record, or in the instructions, that question cannot be raised for the first time in this court. Again, at the request of counsel for the estate, the court instructed the jury that the only

question submitted to them was: First, did the claimant render services for the deceased, and second, is the estate indebted to the claimant for any portion of said services, and if so indebted, in what amount? This alone is a sufficient answer to the criticism of the ruling of the trial court on instructions.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*