Colby v. Wilson, 237 Ill. App. 299.

# Guy I. Colby, Appellee, v. Everett W. Wilson, Appellant.

## Gen. No. 7,446.

1. PLEADING—*when bill of particulars unnecessary.* There was no occasion for the entry against plaintiff of a rule to file a bill of particulars when defendant stated in his affidavit of merits that he was familiar with plaintiff's declaration and that he had a meritorious defense to the entire amount of said claim.

2. PLEADING—*legal insufficiency of affidavit of merits averring defense inferentially.* In an action for services rendered to defendant by plaintiff as an accountant and tax counsel and for expenses connected therewith, no defense was set up by an affidavit of merits which attempted to create an inference that the services were performed by plaintiff as an employee of a certain corporation and that such corporation had paid him for the services, but which contained no direct statement to that effect and which further admitted that something was due to plaintiff.

3. DEFAULTS—*when inquest of damages unnecessary in action on account.* Section 59 of the Practice Act [Cahill's St. ch. 110, ¶ 59], has no application to a suit upon an account the declaration in which is accompanied by an affidavit of claim as provided for in section 55 [Cahill's St. ch. 110, ¶ 55], but is controlled by section 56 [Cahill's St. ch. 110, ¶ 56] of the act, and where a court had properly refused to permit defendant to file an amended affidavit of merits and had stricken the original affidavit from the files, judgment as in case of default was properly entered without hearing evidence on the question of damages.

Appeal by defendant from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed March 27, 1925. Rehearing denied April 28, 1925.

BURTON & HAMILTON and LEFORGEE, BLACK & SAMUELS, for appellant.

H. R. SCHRADZKI, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

The plaintiff Guy I. Colby, appellee herein, filed his suit in assumpsit in the circuit court of Peoria county

against the defendant Everett W. Wilson, appellant. There was a judgment in favor of the plaintiff in the sum of $1,912.58 entered as in case of default of the defendant as hereinafter set forth. From that judgment this appeal is prosecuted.

The declaration consisted of the common counts for goods sold and delivered, moneys lent and advanced, moneys paid out and expended, moneys received for use of defendant, interest and forbearance, labor, services and materials furnished, and balance due upon an account stated. With the declaration the plaintiff filed the usual copy of account sued on, enumerating each of the items of the common counts and placing the amount of each item at $2,500, and an affidavit of claim stating that the cause of action of the plaintiff "is for personal services as accountant for Everett W. Wilson, and for tax counsel, and for expenses in connection therewith during the months of March, April, May and June, 1923, at the request of the defendant and that there is due to the plaintiff from the defendant, after allowing to the defendant all just credits, deductions and set offs, $1912.58."

The defendant filed a motion for a rule upon the plaintiff to furnish a more specific bill of particulars. This motion was denied and the defendant was ruled to plead. The defendant thereupon filed the plea of the general issue supported by his affidavit in substance that he "has a meritorious defense to the entire amount of said claim." But the nature of the defense was in no wise disclosed. Thereupon the plaintiff moved to strike the affidavit of defense from the files and for judgment upon the pleadings. The defendant filed a cross motion to set aside the order denying the bill of particulars, which motion was supported by affidavit setting out certain alleged indefiniteness in the declaration, bill of particulars, and affidavit of claim. The affidavit in support of the cross motion stated that the plaintiff was employed by the American Distilling Company, during the period of time

for which he claimed pay from the defendant; that he also performed some services for the plaintiff; that the defendant was unable to set out fully what services were rendered for the American Distilling Company and what expenses were incidental thereto or what services were rendered for the defendant and what expenses were incurred therein, without such bill of particulars and that he could not safely proceed to trial unless a bill of particulars was furnished. He asked to have the dates upon which the services were rendered and for what purposes, and the amount of charges and likewise the dates upon which the expenditures were made in behalf of the defendant and for what amounts and for what purposes. The affidavit concluded by stating that such bill of particulars would disclose that the defendant's indebtedness to the plaintiff did not exceed $300. The motion to set aside the order denying the bill of particulars and for a rule to furnish a bill of particulars was denied.

The court then took under consideration plaintiff's motion to strike defendant's affidavit of defense from the files and defendant asked leave to file an amended affidavit of defense, presenting an affidavit with the motion. The court overruled the defendant's motion for leave to file an amended affidavit of defense and granted the motion of the plaintiff to strike the original affidavit of defense from the files and thereupon entered judgment against defendant for $1,912.58.

Whether or not a plaintiff shall be ruled to furnish a bill of particulars is a matter resting in the sound legal discretion of the court, and the action of the court in making or refusing a rule will not be reviewed by an Appellate Court, unless it be shown clearly that such discretion was abused. And a plaintiff will never be ruled to furnish a bill of particulars, unless, because of the generality of the claim or charge, the adverse party is unable to know with reasonable certainty what he is required to meet. (*Gresham v. Shonts,* 170 Ill. App. 296; *American Rolling Mill Corp. v. Ohio Iron &*

*Metal Co.,* 120 Ill. App. 614.)   We cannot say that the
trial judge was guilty of any abuse of the legal dis-
cretion reposed in him.   Our view finds confirmation
in the original affidavit of meritorious defense filed by
the defendant, in which he states that he "is familiar
with the plaintiff's declaration and the plea filed here-
in on behalf of the defendant; and that he, the defend-
ant, has a meritorious defense to the entire amount of
said claim."   In view of this sworn statement, there
was no occasion for a rule to be entered against the
plaintiff to file a bill of particulars.

In plaintiff's motion to strike the original affidavit
of meritorious defense from the files, no contention
was made that said affidavit complied with the require-
ments of section 55 of the Practice Act [Cahill's St. ch.
110, ¶ 55], but, to the contrary, defendant entered a
cross motion for leave to file an amended affidavit of
defense.   This amended affidavit contains seven para-
graphs numbered serially.   The affidavit is too long
to be set forth in full in an opinion of this court.   The
first three paragraphs recite that the plaintiff was
employed by the American Distilling Company to pro-
duce certain figures and statements of account in rela-
tion to the affairs of said company, and that during
the time of his employment, numerous and divers ques-
tions arose in relation to the affairs of the defendant
with said company growing out of the tax claims of
the United States Government against the defendant.

The fourth paragraph admits that the plaintiff did
perform certain work in stating the account between
the defendant and said company, but charges that such
services were rendered by the defendant while he was
in the employ of and paid by said company and that
the defendant has been fully, completely and wholly
paid and the value of his services satisfied.   It will be
observed that there is nothing in this paragraph which
denies the averment of the declaration that the services
performed by the plaintiff were so performed at the

special instance and request of the defendant, and that the defendant promised to pay therefor. It sets up no defense whatever. There is an attempt to create an inference that the services rendered by plaintiff were performed as an employee of the American Distilling Company and that such company had paid him for the services, but there is no direct statement to that effect. We do not see how it can be seriously claimed that there is anything in the paragraph or in all of them combined which states a defense.

Paragraph five recites that plaintiff did act as tax counsel for the defendant and that the plaintiff had been paid for said services the sum of $900. Paragraph six recites that there was no express contract between the plaintiff and defendant as to the amount plaintiff should be paid for the services rendered by him as such tax counsel or for expenditures made in relation to such services. Paragraph seven recites that the defendant is not advised as to the amount or quantity of services rendered him by the plaintiff or of the amount of plaintiff's necessary expenses, but that he, the defendant, verily believes that upon a trial of the cause, he will show that there is not now due to the plaintiff a sum in excess of $300.

Section 55 of the Practice Act [Cahill's St. ch. 110, ¶ 55], provides that where the plaintiff files his declaration and affidavit showing the nature of his demand and the amount due him, the defendant shall file with his plea an affidavit of his defense on the merits to the whole or a portion of the plaintiff's demand and specifying the nature of his demand. The affidavit does not attempt to set up a defense to the whole of plaintiff's demand, but admits that upon a trial of the cause he would be found to be indebted to the plaintiff in some amount not in excess of $300. In no particular does he specify the nature of his defense, either to the whole or to any part of plaintiff's demand. The affidavit is lacking in almost every requirement of the statute and the trial court was not in error

in refusing to permit the same to be filed. (*Firestone Tire & Rubber Co. v. Ginsburg*, 285 Ill. 132; *Hunter v. Troup*, 226 Ill. App. 343.)

It is also urged as cause for reversal that the trial court erred in entering judgment without hearing evidence on the question of damages and without permitting defendant to cross examine witnesses. In support of his contention, the defendant invokes section 59 of the Practice Act [Cahill's St. ch. 110, ¶ 59], which provides that in all suits in courts of record, in this state, upon default when the damages are to be assessed, it shall be lawful for the court to hear the evidence and assess the damages without a jury for that purpose and in cases where an interlocutory judgment shall be given in any action brought upon a penal bond or upon an instrument in writing for the payment of money only and the damages rest in computation, the court may refer it to the clerk to assess and report the damages and may enter judgment therefor; provided, that either party may have the damages assessed by a jury. In our judgment this section has no application whatever to the case at bar. This suit is based upon an account. The declaration was accompanied by an affidavit of claim as provided for in section 55 of the Practice Act [Cahill's St. ch. 110, ¶ 55], and the proceedings herein are controlled by that section and the succeeding section 56 [Cahill's St. ch. 110, ¶ 56]. The last-mentioned section provides that: "When any part of the demand is upon an account, and the defendant shall suffer default for the want of an affidavit of merits * * * the affidavit so filed with the declaration may be taken as *prima facie* evidence of the amount due upon such account." After the court had refused to permit the defendant to file an amended affidavit of defense and had stricken from the files the original affidavit of defense, a judgment, as in case of default, was thereupon properly entered.

In *Beckers v. City of Kankakee*, 213 Ill. App. 538, on page 548 of the opinion this court said: "The

statute and the default authorized a judgment for plaintiff and against defendant for the amount stated in the affidavit.'' The plaintiff was not required to offer any proof whatsoever unless he was directed to do so by the court. Under the situation in this case, he was entitled to a judgment for the full amount stated in his affidavit upon the prima facie case made by the affidavit. There were no witnesses to cross-examine, hence the defendant was deprived of no right.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*